JOHN RICE, Plaintiff-Appellee, v. MONSANTO COMPANY *et al.,* Defendants-Appellants.

Fifth District No. 5—85—0079

Opinion filed July 29, 1986.—Rehearing denied August 27, 1986.

David B. Stutsman, Dale L. Bode, and James C. Cook, all of Walker & Williams, P.C., of Belleville, Leonard L. Rivkin and Joseph J. Ortego, both of Rivkin, Leff, Sherman & Radler, of Garden City, New York, and Michel Makulski, of Dow Chemical Company, of Midland, Michigan, for appellant Dow Chemical Company.

Kenneth R. Heineman, Kurtis B. Reeg, and Rita E. Bleser, all of Coburn, Croft & Putzell, of Belleville, for appellant Monsanto Company.

Patrick S. O'Brien, of Paul L. Pratt, P.C., of East Alton, for appellee.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Defendants, Monsanto Company and Dow Chemical Company, sought leave of this court to file an interlocutory appeal from an order of the circuit court of Madison County which denied their motions to dismiss the strict-products-liability portion of plaintiff John Rice's complaint, alleging failure to comply with the applicable statute of repose (Ill. Rev. Stat. 1981, ch. 83, par. 22.2(b) (now Ill. Rev. Stat. 1985, ch. 110, par. 13—213(b))). The circuit court identified the question of law involved, made the requisite Supreme Court Rule 308 findings, and this court granted defendants' application for leave to appeal. (87 Ill. 2d R. 308.) The facts are as follow.

On June 24, 1981, plaintiff filed a complaint in the circuit court of Madison County, joining Monsanto, Dow, and the Illinois Power Company as defendants. This complaint alleged that plaintiff, within two years of the filing of the complaint, had discovered that he had suffered injuries which were attributable to defendants' wrongfully exposing plaintiff to phenoxy herbicides during the years 1962 and 1963. Three theories of liability were asserted against Monsanto and Dow: (1) strict products liability; (2) negligence; and (3) wilful and wanton misconduct. Plaintiff further alleged that defendant Illinois Power, which is not a party to this appeal, was allegedly liable to plaintiff on the bases of strict-products-liability and negligence theories.

All defendants moved for dismissal of the strict-products-liability counts because they were allegedly barred by the applicable statute of repose. (Ill. Rev. Stat. 1981, ch. 83, par. 22.2(b) (now Ill. Rev. Stat. 1985, ch. 110, par. 13—213(b)).) Plaintiff urged that the statute of repose as applied to these facts was repugnant to various provisions of the United States and Illinois constitutions. In addition, plaintiff contended that the civil "discovery rules" (Ill. Rev. Stat. 1981, ch. 83, par. 22.2(d) (now Ill. Rev. Stat. 1985, ch. 110, par. 13—213(d)); Ill. Rev. Stat. 1981, ch. 83, par. 15 (now Ill. Rev. Stat. 1985, ch. 110, par. 13—202)) extend the time period for commencement of actions beyond the time period set forth in the statute of repose for strict-products-liability actions.

Plaintiff, a former union electrician who was 65 years of age at the time he was deposed, testified that while the difficulties which forced him to quit working first manifested themselves in 1967, he did not discover the alleged cause of his injury until 1980.

On July 30, 1982, the circuit court, without stating reasons for its ruling, denied defendants' motions for dismissal on the ground that the statute of repose barred the action. Defendants' motion for certification of the instant issue under Supreme Court Rule 308 was originally denied; however, after denying defendants' motion to reconsider, a different judge subsequently made the requisite Rule 308 findings without stating reasons for the denial of the motion to reconsider.

On April 11, 1985, we granted defendants' application for leave to appeal; however, defendant Illinois Power subsequently withdrew as a party. The parties on appeal raise the same arguments regarding the application of the strict-products-liability statute of repose that they raised before the circuit court.

Our disposition of the present case is controlled by our supreme court's recent decision in *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 490 N.E.2d 675. In *Costello* the plaintiff filed suit on

October 23, 1981, alleging that defendant was strictly liable to plaintiff for exposing him to asbestos from autumn 1942 through the spring of 1945. Plaintiff alleged that on or after September 1980 he first knew or should have known both that his injury had occurred and that the injury was caused by the alleged wrongful act of defendant. The circuit and appellate courts held that the strict-products-liability action was barred by the statute of repose regarding the commencement of strict-products-liability actions. This statute, which is virtually identical to that in effect governing the instant cause, provides in pertinent part:

"(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

(c) No product liability action based on the doctrine of strict liability in tort to recover for injury or damage claimed to have resulted from an alteration, modification or change of the product unit subsequent to the date of first sale, lease or delivery of possession of the product unit to its initial user, consumer or other non-seller shall be limited or barred by subsection (b) hereof if:
***

(2) the action commenced within the applicable limitation period and, in any event, within 10 years from the date such alteration, modification or change was made, unless defendant expressly has warranted or promised the product for a longer period and the action is brought within that period, and
***

(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of

the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or under legal disability, or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed.

* * *

(g) The provisions of this Section 13—213 of this Act apply to any cause of action accruing on or after January 1, 1979, involving any product which was in or entered in the stream of commerce prior to, on, or after January 1, 1979." Ill. Rev. Stat. 1983, ch. 110, pars. 13—213(b), (c)(2), (d), (g).

In *Costello,* our supreme court found that although the parties had briefed and argued the constitutionality of these provisions for the purposes of reviewing a decision on a motion to dismiss, the precise question presented was the application of section 13—213. Subparagraph (g) expressly makes the section applicable to any strict-products-liability action accruing on or after January 1, 1979. The issue considered by the court was whether subparagraph (g) served to bar plaintiff's cause of action, which was filed in 1981, alleging that his injuries arose from his over exposure to asbestos which terminated in 1945 and was not discovered until 1980. *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 481, 490 N.E.2d 675, 677.

In analyzing the issue, the court first noted that potential plaintiffs in medical-malpractice cases are entitled to a reasonable period of time to file claims accruing after the effective date of the analogous statute of repose covering medical-malpractice cases. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 420-21, 490 N.E.2d 665, 667; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 237-44, 447 N.E.2d 408, 414-17 (Ryan, Underwood, and Moran, JJ., specially concurring).) The court next found that plaintiff's products-liability action was inchoate prior to the effective date of the statute of repose; thus, it accrued after plaintiff discovered or should have discovered that his injuries were caused by the alleged wrongful act of defendant. Consequently, since plaintiff instituted his action within three years of the effective date of subparagraph (g) of section 13—213 and within two years of discovery, the complaint was timely filed. The judgments of the circuit and appellate courts were therefore reversed and the cause remanded. *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 481-84, 490 N.E.2d 675, 678-79.

In the instant case, plaintiff commenced his strict-products-liability action against defendants on June 24, 1981, alleging that he discovered his injury within two years of this date. This would place the date of discovery of the injury after January 1, 1979, the effective date of the applicable statute of repose. Since we are obligated to assume that the date plaintiff alleged that he discovered his injury is correct (*Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 484, 490 N.E.2d 675, 678), we conclude that plaintiff's claim was inchoate prior to the effective date of the statute of repose and accrued subsequent thereto. Therefore, since plaintiff instituted suit against defendants within three years of the effective date of subparagraph (g) of section 13—213 and within two years of discovery, plaintiff's complaint as to the strict-products-liability claim was timely filed.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed and the cause is remanded to the circuit court for further proceedings.

Affirmed and remanded.

JONES and HARRISON, JJ., concur.