CONCETTA BLAZEK, Adm'r of the Estate of Kenneth Blazek, Deceased, Plaintiff-Appellant, v. NICOLET, INC., *et al.,* Defendants-Appellees.

First District (3rd Division)   No. 86—2700

Opinion filed July 27, 1988.

Loggans & Reiter, of Chicago, for appellant.

Kurnik, Cipolla, Stephenson, Barasha & O'Dell, of Arlington Heights (Thomas J. Platt, of counsel), for appellee Nicolet, Inc.

Chadwell & Kayser, of Chicago, for appellee Raymark Industries.

Katten, Muchin, Zavis, Pearl & Galler, of Chicago, for appellee GAF Corporation.

Wildman, Harrold, Allen & Dixon, of Chicago, for appellee Combustion Engineering.

Baker & McKenzie, of Chicago, for appellees Armstrong World Indus-

tries, Flintkote Company, Celotex Corporation, Eagle-Picher Industries, Fibreboard Corporation, HK Porter Company, Keene Building Products Corporation, Keene Corporation, Owens-Corning Fiberglass Corporation, Owens-Illinois, Inc., Pittsburgh Corning, Rock Wool Manufacturing Company, National Gypsum, GAF Corporation, and CertainTeed Products Corporation.

JUSTICE RIZZI delivered the opinion of the court:

On September 13, 1985, plaintiff, Concetta Blazek, brought this cause of action individually and as special administrator of the estate of her deceased husband, Kenneth Blazek, to recover damages under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*) against a number of asbestos and asbestos product suppliers. Plaintiff filed a first amended complaint on May 1, 1986, asserting counts sounding in both strict liability in tort (counts I and II) and common law negligence (counts III and IV). Plaintiff's complaint was predicated on Kenneth's exposure to asbestos particles from 1951 to 1952 when he was employed at the Union Asbestos and Rubber Company (UARC) in Cicero, Illinois. In her complaint, plaintiff alleged that as a result of his employment at UARC, Kenneth contracted mesothelioma, a malignant form of cancer caused by exposure to asbestos. Kenneth was diagnosed as suffering from mesothelioma on November 29, 1983, and he subsequently died as a result of the disease on September 18, 1984.

In response to plaintiff's first amended complaint, several defendants filed motions to dismiss the strict liability counts based upon the statute of repose applicable to product liability causes of action. (Ill. Rev. Stat. 1985, ch. 110, par. 13—213.) The motion of defendant, Nicolet, Inc., was the first of these motions to be heard. Following extended argument of counsel, the trial court granted Nicolet's motion to dismiss on September 3, 1986, and dismissed the strict liability counts of plaintiff's complaint. The trial court determined that these counts were barred by reason of section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—213). Thereafter, analogous motions of the remaining defendants were heard by the trial court and granted. To simplify the record for appeal, the court entered an order consolidating all of its orders dismissing plaintiff's strict liability counts and declaring these orders final and appealable. This appeal followed. We affirm.

Section 13—213 is a statute of repose for product liability actions based on a theory of strict liability in tort. This statute established an outer limit in which actions on defective products may be instituted.

This outer limit begins with the date the product was sold. An action in strict liability must be commenced within 12 years from the date of first sale, lease or delivery by a seller of a product, or within 10 years if the sale, lease or delivery of the product is to an initial user, consumer or other nonseller, whichever period expires first. (Ill. Rev. Stat. 1985, ch. 110, par. 13—213(b).) Moreover, if the injury complained of occurs within any of the periods provided by subsection (b), the plaintiff may file a cause of action within two years after the date that he knew or reasonably should have known of the injury to his person. However, in no event shall such action be brought more than eight years after the date on which the personal injury occurred. (Ill. Rev. Stat. 1985, ch. 110, par. 13—213(d).) The statute applies to "any cause of action accruing on or after January 1, 1979, involving any product which was in or entered the stream of commerce prior to, on, or after January 1, 1979." Ill. Rev. Stat. 1985, ch. 110, par. 13—213(g).

On appeal, plaintiff assigns as error the trial court's dismissal of counts I and II of her amended complaint sounding in strict liability. In support of her contention, plaintiff argues that defendants' actions of "mining, processing, manufacturing, selling, distributing and installing asbestos insulation and other asbestos products" without adequate warnings occurred prior to the adoption of section 13—213 and long before November 29, 1983, when Kenneth was diagnosed as suffering from mesothelioma. Therefore, section 13—213 barred any cause of action Kenneth possessed at the moment of his discovery that he was injured. Plaintiff argues that based upon our supreme court's decision in *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 490 N.E.2d 675, she is entitled to a reasonable amount of time after the effective date of section 13—213 in which to file her cause of action. Plaintiff concludes that at the minimum, the eight-year period of repose set forth in section 13—213(d) would be a reasonable period of time after January 1, 1979, in which she and similarly situated plaintiffs could file causes of action sounding in strict products liability.

Defendants, however, argue that while a plaintiff is entitled to a reasonable period of time following the effective date of section 13—213 in which to institute a cause of action, adoption of the eight-year period of repose set forth in section 13—213(d) would be unreasonable. Defendants further contend that *Costello* supports their position that plaintiff's cause of action, which was filed more than six years after the effective date of section 13—213, was not instituted within a reasonable period of time.

In *Costello*, the plaintiff filed suit on October 23, 1981, alleging that the defendant was strictly liable to the plaintiff as a result of his exposure to asbestos from autumn 1942 through the spring of 1945. The plaintiff alleged that "on or after September 1980 he first knew or should have known both that an injury had occurred and that the incident was caused by the wrongful act of another." Following the filing of his first complaint, the plaintiff died. Thereafter, the plaintiff's wife filed a cause of action sounding in strict liability and negligence. Both the circuit and appellate courts determined that the strict-products-liability action was barred by section 13—213. 111 Ill. 2d at 478, 490 N.E.2d at 675-76.

On appeal in *Costello,* the precise question presented to the supreme court was the construction and application to be given section 13—213(g), which renders section 13—213 applicable to any strict-products-liability action accruing on or after January 1, 1979. The issue considered by the court was whether section 13—213(g) barred the plaintiff's cause of action where: (1) his injuries arose as a result of asbestos exposure which ceased in 1945, (2) the injuries were not discovered until 1980, and (3) the plaintiff's complaint was not filed until 1981.

In its analysis of this issue, the *Costello* court initially noted that cases involving the statute of repose applicable to medical malpractice actions are analogous to the issue presently before it. The court then reviewed the reasoning behind its decisions in the medical malpractice cases (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408; *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 490 N.E.2d 665) and concluded that while the plaintiff's cause of action was inchoate at the time of the effective date of section 13—213, any cause of action plaintiff may have had did not accrue until after the plaintiff discovered or should have discovered that his injuries were caused by the alleged wrongful act of the defendant. This awareness was subsequent to the effective date of section 13—213. The court then concluded:

> "We need not decide what would be a reasonable period after the effective date of the amendment to discover the condition. The cause was dismissed upon allowance of defendants' motions to dismiss and for purposes of this appeal the date of discovery alleged in the complaint must be taken as true. The record shows that the action was instituted within three years of the effective date of subparagraph (g) of section 13—213 and two years of discovery, and we hold that plaintiff's cause of

action was timely filed." (*Costello,* 111 Ill. 2d at 484, 490 N.E.2d at 678.)

The decision of the *Costello* court was confined to the facts before it. The court did not define "reasonable time," but instead justified its decision that three years was a "reasonable time" by relying on its decisions in *Mega* and *Moore,* which permitted filings in medical malpractice actions up to four years after the enactment of the statute of repose, but foreclosed causes of action filed beyond that time. *Costello,* 111 Ill. 2d at 483-84, 490 N.E.2d at 677-79.

Following the *Costello* decision, we had an opportunity to decide a similar issue in *Rice v. Monsanto Co.* (1986), 145 Ill. App. 3d 1009, 496 N.E.2d 494. In *Rice,* the plaintiff filed a complaint in which he alleged that within two years of the filing of the complaint, he had discovered that he was injured as a result of the defendants' wrongfully exposing him to phenoxy herbicides during the years 1962 and 1963. In his complaint, the plaintiff asserted three theories of liability against the defendants: strict products liability, negligence and wilful and wanton misconduct. The defendants moved for dismissal of the strict-products-liability counts on the basis of section 13—213. In response to the defendants' motion, the plaintiff essentially alleged that the civil "discovery rules" (Ill. Rev. Stat. 1985, ch. 110, par. 13—202) extend the period for commencement of a cause of action beyond the time period set forth in section 13—213. *Rice,* 145 Ill. App. 3d at 1010, 469 N.E.2d at 495.

On appeal, we determined that the issue presented in *Rice* was controlled by our supreme court's decision in *Costello.* We then decided that based on the allegations set forth in the plaintiff's complaint, he discovered his injury after January 1, 1979, the effective date of section 13—213. Therefore, since we were obligated to assume that the date the plaintiff alleged that he discovered his injury was correct, we held:

"[The] plaintiff's claim was inchoate prior to the effective date of the statute of repose and accrued subsequent thereto. Therefore, since plaintiff instituted suit against defendants *within three years of the effective date of subparagraph (g) of section 13—213 and within two years of discovery, plaintiff's complaint as to the strict-products-liability claim was timely filed.*" (Emphasis added.) *Rice,* 145 Ill. App. 3d at 1013, 496 N.E.2d at 497.

In the present case, plaintiff argues that at the very least, the eight-year period of repose of section 13—213 is a reasonable time period within which a plaintiff should be allowed to file a cause of

action where (1) a person is injured prior to January 1, 1979, the date under which the applicability of section 13—213 is triggered, and (2) the discovery of a potential cause of action and the institution of a law suit would necessarily be after January 1, 1979. We disagree.

■ The general intent of statutes of repose is to "terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action." (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422, 490 N.E.2d 665, 668.) Under Illinois law, a statute of repose will not be retroactively applied to terminate a cause of action unless the party has a reasonable amount of time after the effective date of the amendment in which to file her cause of action. *Costello*, 111 Ill. 2d 476, 490 N.E.2d 675; *Mega*, 111 Ill. 2d 416, 490 N.E.2d 665; *Moore*, 95 Ill. 2d 223, 447 N.E.2d 408.

■ To date, our supreme court has neither defined "reasonable time," nor has it indicated that an equivalent to the eight-year repose period set forth in section 13—213(b) would be a reasonable time limit in which an individual in plaintiff's position could file a strict-products-liability cause of action. As a result, we decline to adopt the position espoused by plaintiff in this appeal. Rather, we believe that the legislature is in the best position to fix a definitive period of time in which a plaintiff may file a strict-products-liability cause of action for an injury which accrued after January 1, 1979, as a result of injury from a product prior to January 1, 1979. Therefore, based on our decision concerning this issue, we must examine the correctness of the trial court's determination in light of the facts present before it at the time of its ruling.

Here, Kenneth was exposed to asbestos from 1951 to 1952. He was diagnosed as having mesothelioma, a malignant form of cancer caused by exposure to asbestos on November 29, 1983. Kenneth died on September 18, 1984, and this cause of action was instituted by plaintiff on September 13, 1985. As a result, plaintiff's cause of action was filed approximately seven years after the effective date of section 13—213, and over 32 years from the time of Kenneth's exposure to asbestos. Based on the record before us, we believe that the trial court correctly determined that plaintiff's cause of action was not brought within a reasonable period of time after the effective date of section 13—213 and was therefore barred. *Costello*, 111 Ill. 2d 476, 490 N.E.2d 675.

While we realize that our holding will bar plaintiff's cause of action, that is the effect of a statute of repose. The period of repose is intended to terminate the possibility of liability after a definite period

of time. (*Mega*, 111 Ill. 2d at 422, 490 N.E.2d at 668.) Moreover, we must give effect to the legislative intent of extinguishing causes of action after a specified period of time.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.