MAUREEN ZIMMERMAN et al., Plaintiffs-Appellants, v. ABBOTT LABO-RATORIES, INC., et al., Defendants-Appellees.

First District (3rd Division) No. 1—87—2502

Opinion filed September 29, 1989.

Robbins, Rubinstein, Salomon & Greenblatt, Ltd., of Chicago (Richard Lee Stavins and Thomas K. Tryboski, of counsel), for appellants.

Robert G. Epstein and Richard E. Favoriti, both of Burditt, Bowles, Radzius & Ruberry, Ltd., of Chicago, for appellees E.R. Squibb and Sons, Inc., Olin Corporation, and Olin Mathieson Chemical Corporation.

Hugh L. Moore and Ann Marie Walsh, both of Lord, Bissell & Brook, of Chicago, for appellee Abbott Laboratories, Inc.

Richard C. Bartelt and Richard C. Palmer, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee Eli Lilly and Company.

Stephen E. Sward and Jill M. Rappis, both of Rooks, Pitts & Poust, of Chicago, for appellees Merrell Dow Pharmaceuticals, Inc., and Dow Chemical Company.

Algimantas Kezelis, of French, Rogers, Kezelis & Kominiarek, Ltd., of Chicago, for appellees Colgate-Palmolive Company and Lakeside Laboratories, Division of Colgate-Palmolive Company.

Robert L. Nora and Don M. Sowers, both of Johnson, Cusack & Bell, Ltd., of Chicago, for appellee Merck and Company, Inc.

JUSTICE CERDA delivered the opinion of the court:

Plaintiffs, Maureen and Robert Zimmerman, appeal from the dismissal of their strict liability counts against defendants, manufacturers and sellers of the drug which allegedly was ingested by Maureen's mother and caused Maureen to contract cancer. The trial court held that the counts were barred by the statute of repose contained in section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(d)). The statute of repose was enacted after the date of plaintiff's alleged exposure to the drug, and Maureen's discovery of the injury occurred after the effective date of the statute of repose.

On July 2, 1986, plaintiffs sued numerous defendants which had in 1955 and 1956 manufactured, marketed, promoted, sold or distributed the drug diethylstilbestrol (DES), used to prevent miscarriages and spontaneous abortions. It was alleged that Maureen's mother ingested DES while she was pregnant with Maureen, who was born on July 13, 1956. Count I, for negligence, alleged that as a result of cervical cancer contracted from exposure to DES *in utero*, her uterus was surgically removed and that she was at risk for developing cancer in the future. Maureen also alleged that she did not know and could not reasonably have known of the injury until January 1986, when she was diagnosed as having cervical cancer, and that she could not reasonably have known that the injury was caused by the wrongful acts of another until February or March 1986, when she consulted an attorney. Count II brought by Maureen was based upon strict liability in tort. Count III was based upon negligence and alleged that Robert was de-

prived of the society of his wife Maureen. Count IV brought by Robert was based upon strict liability in tort. Two additional counts of negligence were brought by Maureen and Robert separately against defendant Eli Lilly & Company.

Maureen swore in an affidavit that prior to 1972 she became aware that her mother took DES while pregnant with her in 1955 and 1956 and that DES could cause cancer in female offspring. Beginning in approximately 1972, when Maureen was 16 years old, and continuing until approximately 1975, she had annual Papanicolaou smear tests to detect cancer. From approximately 1975 to 1984, she had such a test every six months. In addition, she had an annual microscopic pelvic examination each year from 1972 to 1984 to detect cancer. Between June 1985 and January 1986 she was examined by a gynecologist as part of treatment for secondary infertility at least 16 times. Many of these examinations were to detect cancer. All her examinations until January 1986 were negative for cancer. In January 1986 she was diagnosed as having cervical cancer.

The strict liability counts II and IV of the second amended complaint were dismissed with prejudice on the basis that they were barred by the applicable statute of repose. (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(d).) The trial court stated that plaintiffs' position was that the sale of DES occurred prior to the effective date of the statute of repose so that plaintiffs were entitled to a reasonable opportunity to file their action after the effective date. Plaintiffs also argued that a reasonable time to file their action was within eight years after the statute of repose's effective date, because the statute of repose stated that in no event may an action be filed eight years after the date of the personal injury.

In dismissing the counts, the trial court referred to an earlier DES case in which the trial court had "borrowed" the four-year limitation of the statute of repose for medical malpractice actions (Ill. Rev. Stat. 1987, ch. 110, par. 13—212) and applied it to the period following the enactment of the products liability statute of repose (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(d)) and thereby held that plaintiffs had to have filed their action within four years of the January 1, 1979, effective date of the statute of repose. The order also provided that there was no just reason to delay enforcement or appeal of the order.

Plaintiffs argue that the eight-year limit provided by the products liability statute of repose is the reasonable time in which they could file their action after the enactment of the statute of repose. Defendants argue that the trial court's ruling was consistent with and sup-

ported by the Illinois Supreme Court decisions.

Section 13—213 of the Code of Civil Procedure prohibits products liability actions based on the doctrine of strict liability in tort from being commenced after 12 years from the date of the first sale, lease or delivery of possession by a seller or after 10 years from the date of the first sale, lease or delivery of possession to its initial user, consumer, or other nonseller, whichever period expires earlier, of any product claimed to have injured plaintiff. (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(b).) Notwithstanding this provision, if the injury occurred within one of these periods, plaintiff may bring the action within two years after the date on which he knew or should have known through reasonable diligence of the existence of the personal injury. (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(d).) However, the statute of repose provides that "in no event shall such action be brought more than 8 years after the date on which such personal injury *** occurred." (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(d) (enacted originally as Ill. Rev. Stat. 1979, ch. 83, par. 22.2(d)).) The statute of repose provides that it applies to even those causes of action accruing before its effective date of January 1, 1979.

■ ■ A period of repose is one which is intended to terminate the possibility of liability after a defined period regardless of a potential plaintiff's lack of knowledge of his cause of action. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422-23, 490 N.E.2d 665.) The general rule is that when a statute of limitations is shortened or provides for a limitations period when one did not previously exist, a plaintiff is permitted a reasonable time to sue if the cause of action arose before the date of the statute. (111 Ill. 2d at 420.) The period which is scrutinized for its reasonableness is between the statute's effective date and the date on which the preexisting cause of action would be barred under the new statute. *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 233, 447 N.E.2d 408.

■ An amendment to a statute of limitations which decreases the time in which an action may be filed should not be applied retroactively to instantaneously bar existing causes of action. (95 Ill. 2d at 230.) Causes of action based upon injuries which occurred many years prior to the statute of repose's effective date but which were not discovered until after the effective date would be barred as of the effective date. *Moore* held that the statute of repose could not be applied retroactively to bar causes of action upon its effective date. (95 Ill. 2d at 232.) The court held that persons whose actions were so barred had a reasonable time to file their actions *after* the statute of repose's effective date. (95 Ill. 2d at 237.) In the *Moore* case, the causes were

remanded for determinations of whether they were filed within a reasonable time.

The *Moore* concurring opinion stated that it was consistent with the legislative intent that an injured person discover and commence his medical malpractice action within four years and that a person injured prior to the effective date of the statute of repose be required to discover his cause of action and file his complaint within four years after the effective date. (95 Ill. 2d at 243.) Defendants in this case argue that the special concurring opinion in *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 490 N.E.2d 675, was not "based on" what was a reasonable time. Despite the concurrence's opinion that the result was just, it stated that the majority opinion implicitly held that the eight-year period of repose was the reasonable time. (111 Ill. 2d at 486.) The statement was not contradicted in the majority opinion but, on the other hand, the majority did not state what a reasonable time was and remanded the case. The majority held that the action, which was filed within three years of the effective date of subparagraph (g) of section 13—213, was timely filed.

In *Mega* (111 Ill. 2d 416, 490 N.E.2d 665), the Illinois Supreme Court held that a reasonable time to file for plaintiffs whose actions were barred upon the effective date of the medical malpractice statute of repose could not extend beyond the time of the statute of repose. (111 Ill. 2d at 422.) In other words, such plaintiffs could not bring their actions more than four years after the statute's effective date of 1976. See also *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 490 N.E.2d 675 (medical malpractice action filed more than four years after effective date of statute of repose was barred).

In *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 490 N.E.2d 675, a products liability action filed within two years of discovery of the cause of action and within three years of section 13—213(g)'s effective date was found to have been timely filed. (111 Ill. 2d at 484.) The court found analogous the cases involving the medical malpractice statute of repose and stated that applicable were the rationale of the special concurring opinion in *Moore* and the majority opinion in *Mega*. But *Costello* stated that it did not need to decide what a reasonable period was. 111 Ill. 2d at 484.

In *Blazek v. Nicolet, Inc.* (1988), 173 Ill. App. 3d 324, 527 N.E.2d 568, plaintiff argued that a reasonable time to file her products liability cause of action was at the minimum the eight year period of repose. The court held that the cause of action filed approximately seven years after the statute of repose's effective date was not timely filed. *Blazek* implicitly rejected the approach of equating

the reasonable time for a plaintiff to file after the effective date with the length of the statute of repose. We hold that plaintiffs' action in the instant case, filed approximately 7½ years after the statute of repose's effective date, was untimely and was therefore barred. *Costello,* 111 Ill. 2d 476, 490 N.E.2d 675.

The judgment of the circuit court is affirmed.

Affirmed.

FREEMAN, P.J., and RIZZI, J., concur.