**Theresa TAYLOR and Larry Taylor, Plaintiffs–Appellants,**

v.

**RAYMOND CORPORATION, INCORPORATED, Defendant–Appellee.**

No. 89–3513.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1990.

Decided July 31, 1990.

Joel H. Greenburg, Mark Szaflarski, Chicago, Ill., for plaintiffs-appellants.

Patrick W. Schmidt, Quarles & Brady, Milwaukee, Wis., Brian W. Bell, Ruth E. VanDemark, Aaron T. Shepley, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant-appellee.

Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.

PER CURIAM.

The Taylors filed this diversity suit claiming damages under Illinois' strict product liability statute. The defendant, Raymond Corporation, Inc., moved for summary judgment based on the Illinois statute of repose. The district court granted summary judgment, and this appeal followed. We now affirm the district court's judgment.

## I FACTS

### 1.

Subsection 13–213 of the Illinois Code of Civil Procedure provides for three separate periods of repose:

1) Subsection 13–213(b) establishes that, "[s]ubject to the provisions of subsections (c) and (d)," the period of repose is "12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, *whichever period expires earlier....*" (emphasis supplied);

2) Subsection 13–213(c)(2) establishes a ten year period of repose for products which have been altered or modified;

3) Subsection 13–213(d) provides a "discovery" rule:

Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage....

### 2.

On December 10, 1986, Mrs. Taylor was injured while operating a forklift manufactured by the appellee, Raymond Corporation, Inc. The forklift was sold by Raymond on February 25, 1976 to a distributor (Allied), but shipped directly to the "first user," Mrs. Taylor's employer (Cotter and Co.). She and her husband filed their complaint on August 25, 1988, alleging, *inter alia*, a cause of action based on strict product liability.

Raymond asserted in the district court that the statute of repose prevented the Taylors' suit because more than 10 years had passed from the sale to the first user before the occurrence of the accident. Nevertheless, the Taylors argued that the reference in subsection (d) to "any of the periods provided by subsection (b)" means that the period of repose does not expire until *either* 12 years after the sale by the manufacturer (which would be February 25, 1988), or 10 years after the sale to the first user (which would be February 25, 1986—ten months *before* the accident). In essence, the Taylors argue that subsection (d) allows them to select either of the periods of repose found in subsection (b) without regard for the restriction "whichever period expires earlier." Consequently, in their view, the combination of subsection (d) and the 12–year "first sale" provision of subsection (b) permits their maintenance of this suit.

### 3.

The district court rejected the Taylors' interpretation of the statute. Instead, it

determined that subsection (d)'s "any of the periods" terminology refers to the periods in subsection (b) *or* subsection (c)(2). It is clear that subsection (c)(2) does not apply to this case; the parties do not argue that the forklift was altered or modified. Therefore, the district court applied the statute of repose found in subsection (b)—including the restriction "whichever period expires earlier." Because the 10 year period applicable to the first user of subsection (b) expired before the accident (and, for that matter, before the 12 year period applicable to the first sale), the district court concluded that the Taylors could not maintain their action. *Taylor v. Raymond Corp.*, 719 F.Supp. 738, 742–43 (N.D.Ill. 1989).

## II ANALYSIS

We are unanimous in our conclusion that the district court's decision in this case should be affirmed. One member of this panel would affirm on the basis of the district court's memorandum opinion.[1] Two members of this panel believe it is unnecessary to reach this issue because subsection (d) is unavailable to the Taylors. They would hold that the discovery provision, section 13–213(d), is available only for injuries that are not readily discoverable. Several Illinois appellate courts have interpreted subsection (d) to apply only in those circumstances in which the injury could not have been discovered at the time incurred. *See American Family Ins. Co. v. Village Pontiac–GMC, Inc.*, 182 Ill.App.3d 385, 131 Ill.Dec. 484, 486–87, 538 N.E.2d 859, 861–62 (1989); *Tate v. Beverly Chrysler Plymouth*, 182 Ill.App.3d 830, 131 Ill.Dec. 288, 292, 538 N.E.2d 663, 667 (1989); *Elliott v. Sears, Roebuck & Co.*, 173 Ill.App.3d 383, 123 Ill.Dec. 111, 418, 527 N.E.2d 574, 581,

*appeal denied*, 123 Ill.2d 557, 128 Ill.Dec. 889, 535 N.E.2d 400 (1988). However, two Illinois courts have applied subsection (d) in cases in which the injury was readily apparent and discoverable. *See McLeish v. Sony Corp. of America*, 152 Ill.App.3d 628, 105 Ill.Dec. 648, 650, 504 N.E.2d 933, 935 (1987); *Calumet Country Club v. Roberts Envtl. Control Corp.*, 136 Ill.App.3d 610, 91 Ill.Dec. 267, 269–70, 483 N.E.2d 613, 616–17 (1985).

Interpretation of an arguably ambiguous state statute demands special care on the part of a federal court. Accordingly, we must endeavor to reach as narrow a holding as possible. Since we are unanimous in our conclusion that the district court's judgment should be affirmed, although there is some disagreement among the panel regarding the precise grounds for affirmance, we shall simply affirm the judgment. We leave it to the courts of Illinois to resolve, in due course, the division of authority that now exists among them.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

---

**1.** The district court's interpretation of the statute is supported by a review of legislative intent. Illinois courts interpreting section 13–213 have indicated that the legislature's intent in enacting the statute was to " 'terminate the possibility of liability after a defined period of time.' " *Blazek v. Nicolet, Inc.*, 173 Ill.App.3d 324, 123 Ill.Dec. 105, 108, 527 N.E.2d 568, 571 (1988) (quoting *Mega v. Holy Cross Hosp.*, 111 Ill.2d 416, 95 Ill.Dec. 812, 815, 490 N.E.2d 665, 668 (1986)); *see also Zimmerman v. Abbott Laboratories, Inc.*, 189 Ill.App.3d 744, 136 Ill.Dec. 1023, 1025, 545 N.E.2d 547, 549 (1989), *appeal denied*, 129 Ill.2d 573, 140 Ill.Dec. 681, 550 N.E.2d 566 (1990). An interpretation that would allow a plaintiff to select *either* of the two periods found in subsection (b) would open the way for almost unlimited liability. For example, a manufacturer who sells a product to a distributor, who then does not resell the product to the initial user for twenty years, would be liable under the Taylors' theory of the statute for damages that occur several decades after the product is sold to the distributor.