JAMES E. McINTOSH, Plaintiff-Appellant, v. A & M INSULATION COMPANY *et al.*, Defendants-Appellees (Owens-Corning Fiberglas Corporation *et al.*, Defendants).

First District (4th Division)   No. 1—92—1584

Opinion filed March 25, 1993.—Rehearing denied April 22, 1993.

248

Burke & Burke, Ltd., of Chicago (John M. Burke and Molly C. Mason, of counsel), for appellant.

Haskell & Perrin, of Chicago (Edward J. Matushek III, of counsel), for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

On July 7, 1989, the plaintiff James E. McIntosh filed a negligence action against several defendants involved in the manufacture,

sale and installation of asbestos-containing products used at the plaintiff's jobsite in 1969 and 1970. The plaintiff alleged that exposure to those products caused him to develop asbestosis, which manifested itself in 1988. Three of the defendants, A & M Insulation Company (A & M), Luse-Stevenson Company (Luse-Stevenson) and Brand Insulations, Inc. (Brand), moved for summary judgment on the grounds that the action was time-barred by section 13—214(b) of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b) (now 735 ILCS 5/13—214(b) (West 1992)) (construction statute of repose or statute of repose).) The court granted the motions and entered summary judgment in favor of those defendants and against the plaintiff. The plaintiff has appealed. The action remains pending in the trial court as to the remaining defendants, Owens-Corning Fiberglas Corporation (Owens-Corning), Illinois Insulation Contracting Company, Inc. (Insulation Contracting), Illinois Insulation Fabrication Company, Inc. (Insulation Fabrication), and Illinois Insulation Supply Company, Inc. (Insulation Supply).

The plaintiff raises three contentions on appeal. First, he argues that the trial court erred in granting summary judgment based on the construction statute of repose because the alleged negligent acts were not solely construction related. Second, he contends that the court erred in interpreting the statute of repose to apply to latent disease claims. Third, the plaintiff maintains that even if the statute of repose does apply, it should not have barred his claim because his injury occurred prior to the effective date of the statute.

The plaintiff alleged in his amended complaint that he worked as an insulator's helper at a Union Oil jobsite in Lockport, Illinois, during 1969 and 1970. In the course of his employment, he handled a variety of asbestos-containing materials. All of the defendants named in the complaint were alleged to have "sold, distributed and/or installed asbestos-containing products during the years 1969 through 1970." The complaint then specifically alleges that three defendants who are not parties to this appeal, Insulation Contracting, Insulation Fabrication and Insulation Supply, "sold, distributed and delivered asbestos-containing products to the plaintiff's employer at the aforementioned jobsite." Significantly, the complaint then makes the following specific allegation concerning the defendants which were granted summary judgment: "That defendants LUSE-STEVENSON COMPANY, BRAND INSULATIONS, INC., and A & M INSULATION COMPANY are insulation subcontractors whose employees installed asbestos-containing products in proximity to the plaintiff at the aforementioned jobsite." The complaint alleges various acts of negligence, including

that the defendants sold the products without warnings and installed them in a careless and dangerous manner.

The complaint states that in August of 1988, the plaintiff began to experience hoarseness and difficulty in speaking. This condition was later diagnosed as right true vocal cord paralysis. Subsequent tests revealed that the plaintiff suffered from extensive pleural plaque formation and asbestosis relating to his previous exposure to asbestos.

■ A & M filed a motion for summary judgment stating that the plaintiff's complaint was predicated on A & M's actions as an installer and that the construction statute of repose therefore applied. The statute provides in pertinent part that "[n]o action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the *** construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b) (now 735 ILCS 5/13—214(b) (West 1992)).) The plaintiff in his response to the motion stated that his amended complaint alleged that A & M "negligently sold, distributed and installed" the asbestos-containing materials used at the plaintiff's jobsite. In his answers to interrogatories, the plaintiff included A & M among the suppliers and distributors of the products.

Following arguments on the motion, the trial court granted summary judgment in favor of A & M and against the plaintiff. Luse-Stevenson and Brand subsequently filed motions for summary judgment based on the statute of repose. These motions were similarly granted by the trial court.

■ The plaintiff first contends that the trial court erred in ruling that his cause of action against the defendants was time-barred because not all of the acts or omissions alleged in the complaint were construction related. He argues that he pleaded in the alternative by alleging that A & M, Luse-Stevenson and Brand negligently sold, distributed and/or installed asbestos-containing products at the plaintiff's jobsite. He maintains that because the construction statute of repose does not apply to sellers, the court erred in determining that his entire cause of action was time-barred.

The plaintiff's complaint reveals a conclusory allegation that all of the defendants, including A & M, Luse-Stevenson and Brand, "sold, distributed and/or installed asbestos-containing products during the years 1969 through 1970." The complaint then contains factual allegations that the three defendants who are not parties to this appeal sold, distributed and delivered the products to the plaintiff's jobsite and that A & M, Luse-Stevenson and Brand "are insulation subcon-

tractors whose employees installed [the] asbestos-containing products." A & M moved for summary judgment on the grounds that, as an installer, it came within the purview of the construction statute of repose. The plaintiff did not respond with any facts or additional allegations to support the theory that A & M, Luse-Stevenson and Brand acted as anything other than installers of the asbestos-containing materials. Nor did the plaintiff raise this theory during the arguments on A & M's motion for summary judgment. Accordingly, we do not accept the plaintiff's argument that he should have been allowed to proceed against A & M, Brand and Luse-Stevenson on the theory that they were sellers or distributors of the asbestos-containing products.

The plaintiff next contends that the trial court erred in determining that the construction statute of repose applies to claims predicated on latent diseases such as asbestosis. Specifically, the plaintiff argues that the legislative history does not mention application of the statute to occupational disease claims. Also, the plaintiff argues that application of the statute to latent diseases leads to illogical and absurd results.

The statute states in pertinent part:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action ***." (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b) (now 735 ILCS 5/13—214(b) (West 1992)).)

Subsections (d) and (e) list exceptions for express warranty and fraudulent misrepresentation. Ill. Rev. Stat. 1989, ch. 110, pars. 13—214(d), (e) (now 735 ILCS 5/13—214(d), (e) (West 1992)).

The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194, 595 N.E.2d 561.) Courts should first look to the statutory language as the best indication of the intent of the drafters. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174.) Where that language is unambiguous, a court must enforce the law as enacted without considering other aids. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.) " 'There is no rule of construction which authorizes a court to declare that the

legislature did not mean what the plain language of the statute imports.'" *County of Du Page*, 109 Ill. 2d at 151-52, 485 N.E.2d at 1079, quoting *People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 371, 432 N.E.2d 855, 858.

■ In the case at bar, the language of the statute unambiguously states that the 10-year repose period applies to all actions based on tort. The plaintiff argues that because the legislative debates do not contain a reference to latent disease claims, the legislature must not have intended the statute to apply to such claims. We cannot accept this argument. Where the language of the statute is clear and unambiguous, as it is here, the courts have no authority to carve out exceptions.

The plaintiff further argues that applying the language of the statute as it is written will lead to absurd and illogical results. He relies upon the principle of statutory construction which states that courts may presume that the legislature did not intend absurdity, inconvenience or injustice. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363, 489 N.E.2d 1374.) Essentially, the plaintiff maintains that because asbestosis is a disease of long latency, it will almost always be barred by the statute of repose and that this is an unfair result. A similar argument was considered and rejected by this court in *Olson v. Owens-Corning Fiberglas Corp.* (1990), 198 Ill. App. 3d 1039, 556 N.E.2d 716, which determined that the product liability statute of repose applied to asbestos-related injuries. We agree with the statement in *Olson* that "we cannot simply carve out an exception to the applicability of [the] statute, despite the legitimate concern that the impact of the statute burdens some classes of plaintiffs more harshly than others." (*Olson*, 198 Ill. App. 3d at 1043, 556 N.E.2d at 719.) We believe that the arguments made by the plaintiff in the instant cause are more appropriately addressed to the legislature.

The plaintiff's final contention is that the statute of repose should not apply to his claim because his injury occurred prior to the effective date of the statute. Although the disease first manifested itself in 1988, the plaintiff asks this court to assume that his injury occurred sometime between 1969 and 1970 because that was the only time he was exposed to asbestos.

■ Illinois law provides that an asbestos-related claim accrues upon discovery. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.) Unlike the plaintiff in *Tsourmas v. K & K Heating & Air Conditioning, Inc.* (1991), 209 Ill. App. 3d 617, 568 N.E.2d 342, cited by the plaintiff as support for his position, there is

no indication that the plaintiff experienced any symptoms prior to January 1, 1979, the effective date of the statute.

Moreover, even if we were to accept the plaintiff's assertion that his claim arose prior to the effective date of the statute, his claim would still be time-barred. The construction statute of repose formerly contained language stating that "[t]he limitations of this Section shall apply to all acts or omissions which occur on or after November 29, 1979." (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(e).) On September 16, 1981, the legislature amended this statute to omit subsection (e). This action indicated an intent to make the legislation retroactive in its application. (*DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 800, 484 N.E.2d 1220; *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 224, 456 N.E.2d 353.) The statute therefore would have applied to the plaintiff's claim even if the claim had arisen prior to the statute's effective date.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.