SIXTH DIVISION
 March 14, 1997











Nos. 1-95-0444) Cons.
 1-95-0446)


THERESA RISCH, as Special Administrator of )
the ESTATE OF RONALD RISCH, Deceased, and ) Appeal from
PATRICIA MAGUIRE, as Special Administrator ) the Circuit Court
of the ESTATE OF JOHN MAGUIRE, Deceased, ) of Cook County.
 )
 Plaintiffs-Appellants, ) Nos. 93-L-12100
 ) 94-L-01416
 v. )
 ) Honorable
PAUL J. KREZ COMPANY, ) Dean M. Trafelet,
 ) Judge Presiding.
 Defendant-Appellee. )



 JUSTICE THEIS delivered the opinion of the court:
 Plaintiffs appeal the trial court's order granting defendant's
motion for summary judgment. Plaintiffs brought suit against the Paul
J. Krez Company and others to recover damages for the wrongful deaths
of their husbands. Plaintiffs alleged that their husbands' deaths
were the result of exposure to asbestos products designed, processed,
manufactured, sold, and distributed by Krez. Krez filed a motion for
summary judgment, claiming that the construction-design management and
supervision statute of repose (construction statute of repose) barred
plaintiffs' action. 735 ILCS 5/13-214 (West 1992). The trial court
granted the motion and plaintiffs appeal. We affirm.
 Incident to their employment, Ronald Risch and John Maguire were
each exposed to asbestos pipe-covering material during the 1960s and
1970s. In 1992, both men were diagnosed as having mesothelioma, a
fatal cancer of the chest and abdominal lining. In their depositions,
Risch and Maguire testified that the Krez employees installed the
Owens Corning Kaylo insulation at their jobsites. Risch and Maguire
subsequently died from mesothelioma. Their estates brought wrongful
death actions against Krez.
 Plaintiffs each alleged that Krez designed, processed,
manufactured, sold, and distributed asbestos insulation. The essence
of the complaints is that Krez failed to warn and advise the product
users of the dangers of working with and being exposed to asbestos-
containing products. The complaints further charged that Krez failed
to develop a safer alternative product, despite knowledge of the
hazards.
 In response, Krez denied that it was in the business of
manufacturing, distributing, and selling asbestos-containing products. 
To the contrary, Krez claimed that, as an installer, Krez merely
brought its materials to various worksites under the terms of labor
and material subcontracts. Krez filed motions for summary judgment,
arguing that plaintiffs' suits were barred by the construction statute
of repose, which limits the ability to bring an action sounding in
tort to 10 years after the alleged act or omission. 735 ILCS
13/214(b) (West 1992). 
 Plaintiffs challenged Krez's motions by arguing that they were
not seeking redress for Krez's installation activities, but for Krez's
role as a manufacturer, distributor, and seller. Plaintiffs claimed
that Krez's installation activities were merely incidental to Krez's
sale and transfer of the asbestos products. In support of their
allegations, plaintiffs argued that Krez's failure to pay sales tax is
evidence of their status as a seller, as no sales tax is incurred when
wholesale goods are transferred to a purchaser with the intent to
resell.
 Furthermore, plaintiffs demonstrated that Krez paid the Illinois
Retailers Occupational Tax associated with the asbestos products. The
Illinois Retailers Occupational Tax is a tax on the occupation of
making retail sales in the state. Plaintiffs acknowledged, however,
that Krez was using "asbestos containing products manufactured by
Johns Manville, Standard Insulation and Empire Ace." Plaintiffs did
not introduce any evidence that Krez sold or distributed such products
to subcontractors, or to purchasers independent of sales on a labor
and material basis. 
 The trial court granted Krez's motions for summary judgment,
finding that the holdings in Illinois Masonic Medical Center v. AC&S,
266 Ill. App. 3d 631, 640 N.E.2d 31 (1994), and McIntosh v. A & M
Insulation Co., 244 Ill. App. 3d 247, 614 N.E.2d 203 (1993), were
controlling. The court ruled that the evidence demonstrated Krez was
in the business of installing insulation, and that any sale of such
products was merely incidental to its insulation activities. The
plaintiffs appealed and filed motions for consolidation.
 On appeal, plaintiffs argue that while the construction statute
of repose may bar actions based upon defendant's installation
activities, plaintiffs' action is based solely upon defendant's role
as a manufacturer and seller of asbestos-containing materials. 
Plaintiffs claim that selling is a separate and distinct activity
which is not protected under the construction statute of repose. 
Because adoption of such an argument would render the "activity
analysis" futile, we affirm the trial court's ruling. 
 The construction statute of repose provides that:
 "No action based upon tort, contract or
 otherwise may be brought against any person for an
 act or omission of such person in the design,
 planning, supervision, observation or management of
 construction, or construction of an improvement to
 real property after 10 years have elapsed from the
 time of such act or omission." 735 ILCS 5/13-
 214(b).
Courts must determine whether the product constitutes an improvement
to real property and whether the defendant performed activities
enumerated in the statute. Adcock v. Montgomery Elevator Co., 274
Ill. App. 3d 519, 654 N.E.2d 631 (1995). 
 For the first time in their reply brief, plaintiffs argue that
the installation of asbestos products could not constitute an
improvement to real property. Pursuant to Supreme Court Rule
341(e)(7), we find that this issue is waived. See 134 Ill. 2d R.
341(e)(7). Finding that plaintiffs have waived their improvement
argument, we turn to their claim that the statute of repose does not
protect Krez for its alleged selling and distribution activities. 
 The Illinois Supreme Court has held that the construction statute
of repose "protects, on its face, anyone who engages in the enumerated
activities," noting that mere labels are not dispositive. People ex
rel. Skinner v. Hellmuth, 114 Ill. 2d 252, 500 N.E.2d 34, 37 (1986). 
While the statute clearly protects construction designers and
installers, a unique situation arises when a defendant both
manufactures and installs a product. In Illinois, a manufacturer is
not protected under the construction statute of repose "unless the
manufacturer can demonstrate its role in the construction extended
beyond furnishing standard products generally available to the
public." Illinois Masonic Medical Center v. AC&S, 266 Ill. App. 3d
631, 638, 640 N.E.2d 31, 35 (1994). Under the activity analysis,
manufacturers are afforded protection when they substantially
participate in the incorporation or installation of the product at the
jobsite, or custom design the product for the specific jobsite. 
People v. Asbestospray Corp., 247 Ill. App. 3d 258, 616 N.E.2d 652
(1993).
 This analysis was originally set forth by the Missouri Supreme
Court in Blaske v. Smith & Entzeroth, Inc., 821 S.W.2d 822 (Mo. 1991). 
The Seventh Circuit found the activity analysis useful for determining
the scope of protection afforded by the construction statute of
repose. Witham v. Whiting Corp., 975 F.2d 1342 (7th Cir. 1992). In
Witham, the court held that the construction statute of repose
protected the defendant manufacturer, noting that the defendant "did
not place the crane into the `stream of commerce. It did not simply
pluck the crane from its inventory and ship it to Allied. Instead, it
specially manufactured the crane for Allied based on information
Allied provided about its plant." Witham, 975 F.2d at 1347. 
 This review of the development of the activity analysis is useful
in resolving the question before this court. That is, whether the
construction statute of repose bars plaintiffs' action where
plaintiffs allege that the defendant designed, processed,
manufactured, sold, and distributed the product, while ignoring the
defendant's installation activities. In McIntosh v. A & M Insulation
Co., 244 Ill. App. 3d 247, 614 N.E.2d 203 (1993), this court barred
plaintiff's action where the plaintiff alleged that the defendant
sold, distributed and installed asbestos products on the jobsite, but
failed to plead facts which demonstrated that defendant's selling
activities were anything more than incidental to the installation. 
The court determined that the plaintiff's allegations of selling and
distributing were conclusory and granted the defendant's motion to
dismiss. McIntosh, 244 Ill. App. 3d 247, 614 N.E.2d 203.
 Plaintiffs argue that they have provided the evidence not
produced in McIntosh, entitling them to proceed against Krez for their
sales activities. We disagree. We acknowledge that in certain
instances, the construction statute of repose does not bar a
plaintiff's suit against a defendant for that discrete portion of the
defendant's activities not enumerated in the statute. See, e.g.,
Krueger v. A.P. Green Refractories Co., 283 Ill. App. 3d 300, 669
N.E.2d 947 (1996). In the instant case, however, plaintiffs have
merely introduced evidence that Krez paid certain taxes which are
typically paid by persons reselling goods. We find no evidence
indicating that Krez was engaged in distinct sales activity, but
rather find that Krez was an insulation installer who worked on a
material and labor basis. Plaintiffs claim that this labor and
material activity is sufficient to label Krez a "seller" of the
asbestos-containing products. However, the Illinois Supreme Court has
stated that the construction statute of repose "does not exclude
persons based upon their status," but instead focuses upon their
activities. People ex rel. Skinner v. Hellmuth, 114 Ill. 2d 252, 261,
500 N.E.2d 34, 37 (1986). Because we find the evidence demonstrates
that defendant was engaged only in the activity of installing
insulation, we affirm the trial court's ruling granting summary
judgment. 
 Affirmed.
 HOFFMAN and CAHILL, JJ., concur.