(No. 72779.—

THOMAS ALLEN ST. LOUIS, Appellant, v. ROCK-
WELL GRAPHIC SYSTEMS, INC., *et al.*, Appel-
lees.

*Opinion filed October 22, 1992.*

2

David E. Rapoport and Michael S. Friman, of Becker, Baizer & Rapoport, of Highland Park, and Harold A. Katz, of Katz, Friedman, Schur & Eagle, of Chicago, for appellant.

Thomas B. McNeill and George J. Tzanetopoulos, of Mayer, Brown & Platt, of Chicago, for appellee Rockwell Graphic Systems, Inc.

Sweeney & Riman, Ltd., of Chicago (Michele J. Braun, of counsel), for appellee Skidmore & Mason, Inc.

Jeffrey E. Martin, of Karlin & Fleisher, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HEIPLE delivered the opinion of the court:

In 1972 the Kankakee Daily Journal installed a new printing press. Twelve years later, on October 12, 1984, Thomas St. Louis, an employee, was injured when his arm was caught and crushed by this press. On August 11, 1986, he filed a complaint against the manufacturer and vendor of the press, defendant Rockwell Graphic Systems, Inc. (Rockwell); then on October 10, 1986, plaintiff amended the complaint to add the contractor who installed the press, Skidmore & Mason, Inc. (Skidmore), and others as defendants.

Plaintiff alleges, *inter alia*, that Rockwell was negligent in the design, manufacture, and installation of the

printing press (count I) and that Rockwell breached the statutory warranties of merchantability and fitness for a particular purpose (count II). In regard to Skidmore, plaintiff alleges that they negligently installed the printing press (count V). Rockwell moved to dismiss counts I and II of the complaint, and Skidmore moved to dismiss count V, pursuant to section 2—619(a)(5) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)). Both defendants argued that plaintiff's claims were time-barred under the 10-year statute of repose for construction activity found in section 13—214(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b)). The trial court granted both motions to dismiss.

The appellate court affirmed, holding that the printing press, under the terms of section 13—214, was an improvement to real property and, as such, a cause of action did not exist since plaintiff's injury occurred more than 10 years after defendants' alleged negligence. (220 Ill. App. 3d 704.) We vacate the lower court judgments and remand to the trial court for further proceedings.

Two issues are raised by this case. First, whether the printing press is an improvement to real property. Second, if so, does Rockwell, the company primarily responsible for its design and manufacture, fall within the scope of section 13—214? Due to an insufficient factual record concerning the press and the construction modifications which were necessary in order to install it, we are unable to determine whether the press constitutes an "improvement to real property."

Whether an item constitutes an "improvement to real property" is a question of law. Its resolution, however, is grounded in fact. The defining limits of what constitutes an "improvement to real property" is, for our court, a matter of first impression.

Section 13—214(b) of the Illinois Code of Civil Procedure provides:

> "(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).)

Black's law dictionary defines "improvement" as:

> "A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Black's Law Dictionary 682 (5th ed. 1979).

A minority of courts have relied upon the common law of fixtures to interpret the phrase "improvement to real property." (See generally *Smith v. Allen-Bradley Co.* (W.D. Va. 1974), 371 F. Supp. 698.) The term "fixture" and the phrase "improvement to real property" are not synonymous. A fixture is often thought of as a former chattel which, while retaining its separate physical identity, is so connected with the reality that a disinterested observer would consider it a part thereof. A common example of such a fixture is a furnace. An improvement, on the other hand, after being installed, may not have an identity separate from the overall system or building in which it is located. (*Mullis v. Southern Co. Services, Inc.* (1982), 250 Ga. 90, 296 S.E.2d 579.) A fixture is, by definition, part of the real property. However, an "improvement to real property" need not necessarily constitute a fixture.

Relevant criteria for determining what constitutes an "improvement to real property" include: whether the addition was meant to be permanent or temporary,

whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced. *Hilliard v. Lummus Co.* (7th Cir. 1987), 834 F.2d 1352; *Cudahy Co. v. Ragnar Benson, Inc.* (D. Colo. 1981), 514 F. Supp. 1212; *Kleist v. Metrick Electric Co.* (1991), 212 Ill. App. 3d 738; *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610; *Parent v. Stone & Webster Engineering Corp.* (1990), 408 Mass. 108, 556 N.E.2d 1009; *Massie v. City of Duluth* (Minn. App. 1988), 425 N.W.2d 858; *Allentown Plaza Associates v. Suburban Propane Gas Corp.* (1979), 43 Md. App. 337, 405 A.2d 326.

The acquisition of the printing press by the Kankakee Daily Journal is referred to as part of the newspaper's overall plant expansion project. There is no evidence, however, as to the actual scope of this project. The record contains no evidence as to the cost, size, or weight of the printing press. Moreover, there is no evidence as to the method and manner in which the printing press was installed or the cost of installation, nor is there evidence as to the building modifications which were necessary to accommodate it. Skidmore points out that some of the considerations normally taken into account prior to the installation of a piece of equipment such as a printing press include: floor loads, ceiling height, structural tolerances, and the supplying of electrical power. However, merely stating that such factors are considered is not evidence of the facts of the case.

Given this state of the record, we are unable to determine whether the press constituted an "improvement to real property" as contemplated in the statute. The trial and appellate court determinations, which could conceivably prove to be correct, are currently unsupported by the record.

Accordingly, we vacate the judgments of the courts below and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgments vacated;*
*cause remanded.*