KATHERINE KRUEGER, Indiv. and as Adm'r of the Estate of Robert Krueger, Deceased, Plaintiff-Appellant, v. A.P. GREEN REFRACTORIES COMPANY *et al.*, Defendants (Sprinkmann Sons Corporation of Illinois, Defendant-Appellee).

Third District   No. 3—95—0866

Opinion filed August 27, 1996.

SLATER, J., specially concurring.

Charles J. Urban (argued) and Kenneth M. Snodgrass, Jr., both of Goldsworthy, Fifield & Hasselberg, of Peoria, for appellant.

Cathy A. Stephens Molchin (argued), of Peoria, for appellee.

James P. DeNardo, Kristin L. Dvorsky, and Gregory L. Cochran, all of McKenna, Storer, Rowe, White & Farrug, and Edward J. Matushek III, of Haskell & Perrin, both of Chicago, for *amicus curiae* Illinois Regional Insulation Contractors Association.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Katherine Krueger, commenced the instant product liability suit against the defendant, Sprinkmann Sons Corporation of Illinois (Sprinkmann), alleging that Sprinkmann was liable for injuries sustained by her deceased husband due to his exposure to asbestos-containing products that were sold, distributed and installed by Sprinkmann. The trial court found that Sprinkmann qualified for protection under the construction statute of repose (735 ILCS 5/13—214 (West 1994)) and granted summary judgment in favor of Sprinkmann because Katherine had not commenced the suit within the 10-year period required by the statute. On appeal, Katherine claims that the trial court erred by finding that the statute of repose applied and by failing to strike the affidavit of one of Sprinkmann's former employees. We hold that section 13—214(b) does not apply to those claims that arise out of the sale of the asbestos products. Accordingly, we reverse and remand.

In her complaint, Katherine alleged that Sprinkmann was engaged in the business of selling, distributing and installing asbestos insulation. Her deceased husband, Robert Krueger, was exposed to asbestos emanating from Sprinkmann's products while he worked at five construction sites between 1958 and 1971. Katherine alleged that Sprinkmann committed several negligent acts or omissions, including incorporating asbestos into its products, failing to warn that its products were dangerous and failing to provide proper instructions for the installation of its products.

Sprinkmann filed a motion for summary judgment, arguing that Katherine's claim was barred by the construction statute of repose. In her response to this motion, Katherine included an engineering requisition form of Commonwealth Associates, Inc., which requested that the Central Illinois Light Company (CILCO) purchase asbestos rope from Sprinkmann.

In its reply to Katherine's response to the motion for summary judgment, Sprinkmann conceded that it had supplied and installed the insulation at the five jobsites. Attached to Sprinkmann's response was the affidavit of Ellis Carlton, who was employed by Sprinkmann during the years Robert was allegedly exposed to asbestos. According to the affidavit, Sprinkmann installed insulation at the jobsites in question but did not sell insulation to any other contractors who did work at the sites. Carlton also stated by affidavit that he had reviewed an invoice regarding Sprinkmann's sale of asbestos rope to Commonwealth Associates, Inc. (Commonwealth), at the CILCO jobsite and found nothing that indicated where the product was used or if it was even used at the jobsite.

The trial court found that Sprinkmann installed asbestos-containing products at the jobsites in question. However, relying on Ellis Carlton's affidavit, the court found that Sprinkmann did not supply any asbestos-containing products to other contractors at the jobsites. The court further found that the products installed by Sprinkmann constituted improvements to real property. Based on these findings, the court concluded that Sprinkmann qualified for the protection of the construction statute of repose (735 ILCS 5/13—214 (West 1994)). The court denied Katherine's motion to reconsider and found that the summary judgment order was final and appealable.

The first issue is whether the trial court erred by finding that Sprinkmann qualified for protection under the construction statute of repose.

■ Section 13—214(b) of the Code of Civil Procedure (construction statute of repose) provides:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after ten years have elapsed from the time of such act or omission." 735 ILCS 5/13—214(b) (West 1994).

Whether a party is afforded protection under section 13—214(b) is determined by inquiring whether the product at issue constitutes an improvement to real property and, if so, whether the party falls within the activities enumerated in the statute. *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519, 654 N.E.2d 631 (1995). To be included within the statute, a manufacturer must perform some role related to the construction site beyond provision of standard products generally available to the public and not custom designed for the project. *People v. Asbestospray Corp.*, 247 Ill. App. 3d 258, 266, 616 N.E.2d 652, 657-58 (1993). Relevant criteria for determining what constitutes an improvement to real property include: whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced. *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 4-5, 605 N.E.2d 555, 556-57 (1992). On appeal from the entry of summary judgment, the standard of review is *de novo*. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769, 629 N.E.2d 133, 135 (1993).

Katherine first argues that her claims against Sprinkmann arise out of Sprinkmann's sales and distribution activities in addition to its installation of the asbestos-containing products at the various worksites. She claims that since section 13—214(b) does not protect

sellers and distributors of defective products, the statute applies only to her claims for negligent installation.

■ Although section 13—214(b) clearly applies to a party who installs an improvement, sales and distribution are not among the activities protected by the statute. While no Illinois court has specifically addressed the applicability of section 13—214(b) to a party who both sells a product and installs the product at a construction site, several courts have analyzed the applicability of the statute to manufacturers. These courts have held that section 13—214(b) does not apply unless the manufacturer performed some role related to the construction site beyond provision of standard products generally available to the public and not custom designed for the project. See *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519, 654 N.E.2d 631 (1995) (section 13—214(b) protects manufacturers when they engage in substantial participation at the construction site or custom make their product away from the construction site specifically for a particular project and then install the product at the site); *People v. Asbestospray Corp.*, 247 Ill. App. 3d 258, 266, 616 N.E.2d 652, 657-58 (1993). We agree with this holding, and we find no reason to treat sellers and distributors differently from manufacturers. However, regardless of the role the manufacturer or seller played at the construction site, section 13—214(b) only applies to claims arising out of the construction-related activities undertaken by the manufacturer or seller. See *State Farm Mutual Automobile Insurance Co. v. W.R. Grace & Co.*, 834 F. Supp. 1052, 1060 (C.D. Ill. 1993) (holding that manufacturers receive protection from section 13—214(b) for construction-related activities but not for manufacturing-related activities); *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247, 250-51, 614 N.E.2d 203, 205 (1993) (holding that section 13—214(b) barred the plaintiff's claims against a defendant that installed asbestos insulation because the plaintiff failed to allege any facts that supported the theory that the defendant sold or distributed the insulation). Accordingly, we hold that section 13—214(b) does not apply to Katherine's claims that arise out of Sprinkmann's sale of the asbestos products. We therefore reverse the trial court's order granting summary judgment and remand for further proceedings consistent with this opinion.

Next, Katherine argues that the trial court erred by finding that the asbestos products constitute improvements to real property. She claims that *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 546 N.E.2d 580 (1989), forecloses a finding that the asbestos insulation products are improvements to real property. In *A, C & S*, the supreme court held that asbestos insulation was a product for purposes of a product liability suit. According to the court:

"The fact that [asbestos-containing materials] are used in construction and have been installed in a building does not detract from their nature as products separate from the actual structure. We cannot accept the defendant's argument that these ACMs have become permanent fixtures upon real property, indistinguishable from the buildings themselves." 131 Ill. 2d at 451, 546 N.E.2d at 591.

Based on this statement, Katherine maintains that asbestos insulation is not an improvement to real property because it is not a permanent component of the structure in which it is incorporated. We disagree.

■ The issue in *A, C & S* was whether asbestos materials were products for purposes of a product liability suit. The court held that these materials were not permanent fixtures. However, as the supreme court noted in *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 605 N.E.2d 555 (1992), the term "fixture" and the phrase "improvement to real property" are not synonymous. A fixture is, by definition, part of the real property. However, an improvement need not necessarily constitute a fixture. 153 Ill. 2d at 4, 605 N.E.2d at 556.

Katherine also points out that in *State Farm Mutual Automobile Insurance Co. v. W.R. Grace & Co.—Conn.*, 24 F.3d 955 (7th Cir. 1994), the seventh circuit held that asbestos products similar to those at issue in the instant case were not improvements to real property. She urges this court to adopt the seventh circuit's analysis in *State Farm*.

■ In *State Farm*, the court concluded that spray-on asbestos fireproofing was not an improvement to real property. However, the court did not conduct the four-part analysis adopted by our supreme court in *St. Louis v. Rockwell Graphic Systems, Inc.* In fact, the court conceded that the asbestos fireproofing was an improvement under the supreme court's definition. According to the court:

"[T]he Supreme Court of Illinois, whose interpretation of the statute's meaning we are trying to predict, has defined improvement so broadly *** as to bring the Mono-Kote sprayed onto the structural steel in State Farm's buildings within the semantic, if not necessarily the intended, reach of the definition." *State Farm*, 24 F.3d at 958.

Therefore, we decline to follow the *State Farm* court's conclusion that asbestos products incorporated into a building are not improvements to real property.

Although we reject Katherine's arguments on this issue, we note that the trial court did not conduct an analysis of the factors set out in *St. Louis v. Rockwell Graphic Systems, Inc.* In fact, the record does

not contain the information that is necessary in order to conduct such an analysis. Accordingly, on remand, the trial court must determine whether the asbestos products are improvements by focusing on the factors enumerated by the supreme court in *Rockwell*. See 153 Ill. 2d at 4-5, 605 N.E.2d at 556-57 (whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced).

■ The next issue is whether the trial court erred by relying on the affidavit of Ellis Carlton.

Supreme Court Rule 191 provides that affidavits in support of a motion for summary judgment must be made on the personal knowledge of the affiant and shall not consist of conclusions. 145 Ill. 2d R. 191.

In his affidavit, Ellis Carlton stated that he had reviewed an invoice regarding Sprinkmann's sale of asbestos rope to another contractor at one of the jobsites. Carlton stated that "as best I can tell, there is nothing to indicate where these products were used, or if they were even used at all at [the jobsite]." It is clear from this statement that Carlton has no personal knowledge as to whether the asbestos rope was installed by Commonwealth Associates, Inc., at the CILCO jobsite or whether Krueger's husband was exposed to the rope. Thus, the trial court should not have relied on that portion of the affidavit in granting summary judgment. Accordingly, we reverse the court's order granting summary judgment and remand for further proceedings consistent with this opinion.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LYTTON, J., concurs.

JUSTICE SLATER, specially concurring:

As I understand it, our decision today holds that the construction statute of repose applies to an installer of asbestos products to the extent that those products constitute an improvement to real property. The statute does not apply to the sale or distribution of asbestos products, however, even where those products are installed by the seller or distributor as an improvement to real property. Such a holding is consistent with the idea that application of the statute does not depend on a person's *status* as a seller, manufacturer or distributor,

but instead applies to the *activities* of design, planning, supervision, observation, management or construction. See *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 500 N.E.2d 34 (1986); *State Farm Mutual Automobile Insurance Co. v. W.R. Grace & Co.*, 834 F. Supp. 1052 (C.D. Ill. 1993). Thus, any action against the defendant in this case based on installation of asbestos products may be time-barred, but the defendant can still be sued for activities related to the sale and distribution of those very same products. While such a result may seem unusual, it appears to comport with the language and intention of the construction statute of repose. I concur.