THERESA RISCH, as Special Adm'r of the Estate of Ronald Risch, Deceased, *et al.*, Plaintiffs-Appellants, v. PAUL J. KREZ COMPANY, Defendant-Appellee.

First District (6th Division)   Nos. 1—95—0444, 1—95—0446 cons.

Opinion filed March 14, 1997.—Rehearing denied April 15, 1997.

Cooney & Conway, of Chicago (William R. Fahey, Kathy Byrne, and Michael D. Mulvihill, of counsel), for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Gregory L. Cochran, and Kristin L. Dvorsky, of counsel), for appellee.

JUSTICE THEIS delivered the opinion of the court:

Plaintiffs appeal the trial court's order granting defendant's motion for summary judgment. Plaintiffs brought suit against the Paul J. Krez Company and others to recover damages for the wrongful deaths of their husbands. Plaintiffs alleged that their husbands' deaths were the result of exposure to asbestos products designed, processed, manufactured, sold, and distributed by Krez. Krez filed a motion for summary judgment, claiming that the construction design management and supervision statute of repose (construction statute of repose) barred plaintiffs' action. 735 ILCS 5/13—214 (West 1992). The trial court granted the motion and plaintiffs appeal. We affirm.

Incident to their employment, Ronald Risch and John Maguire were each exposed to asbestos pipe-covering material during the 1960s and 1970s. In 1992, both men were diagnosed as having mesothelioma, a fatal cancer of the chest and abdominal lining. In their depositions, Risch and Maguire testified that the Krez employees installed the Owens Corning Kaylo insulation at their jobsites. Risch and Maguire subsequently died from mesothelioma. Their estates brought wrongful death actions against Krez.

Plaintiffs each alleged that Krez designed, processed, manufactured, sold, and distributed asbestos insulation. The essence of the complaints is that Krez failed to warn and advise the product users of the dangers of working with and being exposed to asbestos-containing products. The complaints further charged that Krez failed to develop a safer alternative product, despite knowledge of the hazards.

In response, Krez denied that it was in the business of manufacturing, distributing, and selling asbestos-containing products. To the contrary, Krez claimed that, as an installer, Krez merely brought its materials to various worksites under the terms of labor and material subcontracts. Krez filed motions for summary judgment, arguing that plaintiffs' suits were barred by the construction statute of repose, which limits the ability to bring an action sounding in tort to 10 years after the alleged act or omission. 735 ILCS 5/13—214(b) (West 1992).

Plaintiffs challenged Krez's motions by arguing that they were not seeking redress for Krez's installation activities, but for Krez's role as a manufacturer, distributor, and seller. Plaintiffs claimed that Krez's installation activities were merely incidental to Krez's sale and transfer of the asbestos products. In support of their allegations, plaintiffs argued that Krez's failure to pay sales tax is evidence of its status as a seller, as no sales tax is incurred when wholesale goods are transferred to a purchaser with the intent to resell.

Furthermore, plaintiffs demonstrated that Krez paid the Illinois retailers occupational tax associated with the asbestos products. The Illinois retailers occupational tax is a tax on the occupation of making retail sales in the state. Plaintiffs acknowledged, however, that Krez was using "asbestos containing products manufactured by Johns Manville, Standard Insulation and Empire Ace." Plaintiffs did not introduce any evidence that Krez sold or distributed such products to subcontractors or to purchasers independent of sales on a labor and material basis.

The trial court granted Krez's motions for summary judgment, finding that the holdings in *Illinois Masonic Medical Center v. AC&S*, 266 Ill. App. 3d 631, 640 N.E.2d 31 (1994), and *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247, 614 N.E.2d 203 (1993), were controlling. The court ruled that the evidence demonstrated Krez was in the business of installing insulation and that any sale of such products was merely incidental to its installation activities. The plaintiffs appealed and filed motions for consolidation.

On appeal, plaintiffs argue that while the construction statute of repose may bar actions based upon defendant's installation activities,

plaintiffs' action is based solely upon defendant's role as a manufacturer and seller of asbestos-containing materials. Plaintiffs claim that selling is a separate and distinct activity that is not protected under the construction statute of repose. Because adoption of such an argument would render the "activity analysis" futile, we affirm the trial court's ruling.

■ The construction statute of repose provides:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." 735 ILCS 5/13—214(b) (West 1992).

Courts must determine whether the product constitutes an improvement to real property and whether the defendant performed activities enumerated in the statute. *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519, 654 N.E.2d 631 (1995).

■ For the first time, in their reply brief, plaintiffs argue that the installation of asbestos products could not constitute an improvement to real property. Pursuant to Supreme Court Rule 341(e)(7), we find that this issue is waived. See 134 Ill. 2d R. 341(e)(7). Finding that plaintiffs have waived their improvement argument, we turn to their claim that the statute of repose does not protect Krez for its alleged selling and distribution activities.

■ The Illinois Supreme Court has held that the construction statute of repose "protects, on its face, anyone who engages in the enumerated activities," noting that mere labels are not dispositive. (Emphasis omitted.) *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261, 500 N.E.2d 34, 37 (1986). While the statute clearly protects construction designers and installers, a unique situation arises when a defendant both manufactures and installs a product. In Illinois, a manufacturer is not protected under the construction statute of repose "unless the manufacturer can demonstrate its role in the construction extended beyond furnishing standard products generally available to the public." (Emphasis omitted.) *Illinois Masonic Medical Center v. AC&S*, 266 Ill. App. 3d 631, 638, 640 N.E.2d 31, 35 (1994). Under the activity analysis, manufacturers are afforded protection when they substantially participate in the incorporation or installation of the product at the jobsite or custom design the product for the specific jobsite. *People v. Asbestospray Corp.*, 247 Ill. App. 3d 258, 616 N.E.2d 652 (1993).

This analysis was originally set forth by the Missouri Supreme Court in *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822 (Mo.

1991). The seventh circuit found the activity analysis useful for determining the scope of protection afforded by the construction statute of repose. *Witham v. Whiting Corp.*, 975 F.2d 1342 (7th Cir. 1992). In *Witham*, the court held that the construction statute of repose protected the defendant manufacturer, noting that the defendant "did not place the crane into the 'stream of commerce.' It did not simply pluck the crane from its inventory and ship it to Allied. Instead, it specially manufactured the crane for Allied based on information Allied provided about its plant." *Witham*, 975 F.2d at 1347.

This review of the development of the activity analysis is useful in resolving the question before this court. That is, whether the construction statute of repose bars plaintiffs' action where plaintiffs allege that the defendant designed, processed, manufactured, sold, and distributed the product, while ignoring the defendant's installation activities. In *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247, 614 N.E.2d 203 (1993), this court barred plaintiff's action where the plaintiff alleged that the defendant sold, distributed and installed asbestos products on the jobsite but failed to plead facts that demonstrated that defendant's selling activities were anything more than incidental to the installation. The court determined that the plaintiff's allegations of selling and distributing were conclusory and granted the defendant's motion to dismiss. *McIntosh*, 244 Ill. App. 3d 247, 614 N.E.2d 203.

■ Plaintiffs argue that they have provided the evidence not produced in *McIntosh*, entitling them to proceed against Krez for its sales activities. We disagree. We acknowledge that, in certain instances, the construction statute of repose does not bar a plaintiff's suit against a defendant for that discrete portion of the defendant's activities not enumerated in the statute. See, *e.g.*, *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300, 669 N.E.2d 947 (1996). In the instant case, however, plaintiffs have merely introduced evidence that Krez paid certain taxes that are typically paid by persons reselling goods. We find no evidence indicating that Krez was engaged in distinct sales activity but, rather, find that Krez was an insulation installer that worked on a material and labor basis. Plaintiffs claim that this labor and material activity is sufficient to label Krez a "seller" of the asbestos-containing products. However, the Illinois Supreme Court has stated that the construction statute of repose "does not exclude persons based upon their status" but instead focuses upon their activities. *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261, 500 N.E.2d 34, 37 (1986). Because we find the evidence demonstrates that defendant

was engaged only in the activity of installing insulation, we affirm the trial court's ruling granting summary judgment.

Affirmed.

HOFFMAN and CAHILL, JJ., concur.