ANN BOLDINI, Indiv. and as Special Adm'x of the Estate of Samuel Boldini, Deceased, Plaintiffs-Appellants, v. OWENS CORNING *et al.*, Defendants (Sprinkmann Sons Corporation of Illinois, Defendant-Appellee; Rapid-American Corporation *et al.*, Defendants).

Fourth District   No. 4—00—0041

Argued September 13, 2000.—Opinion filed February 9, 2001.

Lisa Corwin and James Walker (argued), both of Walker & Wylder, Ltd., of Bloomington, for appellants.

Michael W. Drumke (argued), of Segal, McCambridge, Singer & Mahoney, Ltd., of Chicago, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

In September 1996, plaintiffs filed a six-count complaint against several companies, including Sprinkmann Sons Corporation of Illinois (Sprinkmann), for injuries resulting from Samuel Boldini's exposure to asbestos-containing materials at his place of employment, Archer Daniels Midland Company (ADM) in Decatur, Illinois. In February 1999, Sprinkmann filed a motion for summary judgment based solely on the Illinois construction statute of repose, section 13—214(b) of the Code of Civil Procedure (Code) (735 ILCS 5/13—214(b) (West 1996)). After a hearing on the motion in October 1999, the trial court issued a written memorandum opinion and order finding plaintiffs' cause of action was time-barred by section 13—214(b) and granting Sprinkmann's motion for summary judgment. In December 1999, plaintiffs filed a motion to reconsider, which the trial court denied. Plaintiffs appeal, arguing the trial court erred in granting summary judgment because evidence of sales by Sprinkmann to ADM does exist. We reverse and remand.

## I. BACKGROUND

In September 1996, Samuel Boldini and Ann Boldini, his wife, filed a six-count complaint against several companies, including Sprinkmann, for injuries allegedly caused by Samuel's exposure to asbestos-containing materials. Plaintiffs' claims were based upon

Sprinkmann's sale and distribution of asbestos-containing materials to Samuel's place of employment, the Decatur ADM plant. Samuel worked in the Extraction B Building during his 39 years at the Decatur ADM plant. Samuel died in October 1996 of mesothelioma, and Ann Boldini was appointed special administratrix of his estate.

During the period of decedent's employment with ADM, Sprinkmann was an authorized distributor of Owens-Corning products. According to Susan Stockman, the secretary-treasurer of Sprinkmann, Sprinkmann has been in the business of installing insulation on a labor-material basis since 1945, has never been a manufacturer of asbestos-containing products, and ceased installing insulation containing asbestos between 1971 and 1975.

In their complaint, plaintiffs alleged product liability, willful and wanton conduct, and negligence. Plaintiffs claim decedent was exposed to asbestos-containing products distributed or sold by Sprinkmann while he was employed by ADM. Plaintiffs did not make any claims based on Sprinkmann's installation of asbestos-containing products at ADM. In response to plaintiffs' allegations, Sprinkmann argued it installed asbestos-containing products at ADM on a labor-material basis and no evidence showed Sprinkmann ever acted as a supplier of asbestos-containing materials for the Decatur ADM plant.

In February 1999, Sprinkmann filed a motion for summary judgment arguing plaintiffs' cause of action was barred by section 13—214(b) of the Code. In July 1999, plaintiffs filed a response to Sprinkmann's motion for summary judgment, attaching testimony and deposition transcripts as well as Owens-Corning invoices. In their response, plaintiffs argued (1) they were seeking redress for Sprinkmann's role as a seller and distributor and (2) evidence existed of sales and distribution to ADM.

In September 1999, the trial court held a hearing on the motion for summary judgment. In October 1999, the trial court issued a written memorandum opinion and order finding plaintiffs' cause of action time-barred and granting Sprinkmann's motion for summary judgment.

In December 1999, plaintiffs filed a motion to reconsider, attaching several exhibits, including the evidence deposition of Ellis Carlton and the affidavit of Russell Wolstenholme. The trial court held a hearing on plaintiffs' motion the same month and denied it. The trial court found no just reason for delaying enforcement or appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). This appeal followed.

## II. ANALYSIS

■ Summary judgment is appropriate when the pleadings, deposi-

tions, admissions, and affidavits demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998); *Rotzoll v. Overhead Door Corp.*, 289 Ill. App. 3d 410, 413, 681 N.E.2d 156, 158 (1997). In ruling on a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmovant. *Malone v. American Cyanamid Co.*, 271 Ill. App. 3d 843, 845, 649 N.E.2d 493, 495 (1995). We review grants of summary judgment *de novo. Malone*, 271 Ill. App. 3d at 845, 649 N.E.2d at 495.

## A. Illinois Construction Statute of Repose

■ Sprinkmann's motion for summary judgment was based solely on the contention plaintiffs' action is time-barred under section 13—214(b), which provides, in relevant part:

"No action based upon tort, contract[,] or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation[,] or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." 735 ILCS 5/13—214(b) (West 1996).

Plaintiffs admit if this provision applies, their action is time-barred.

■ For section 13—214(b) of the Code to apply to Sprinkmann, (1) the product at issue must constitute an improvement to real property, and (2) Sprinkmann's activity must fall within the activities enumerated in the statute. *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519, 522, 654 N.E.2d 631, 633 (1995).

### 1. *Improvement to Real Property*

■ The Supreme Court of Illinois set forth four criteria as relevant in determining whether a product is an improvement to real property. See *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 4-5, 605 N.E.2d 555, 556 (1992). The trial court applied the four criteria and concluded the insulation was an improvement to real property. In their appellant brief, plaintiffs do not argue against the trial court's conclusion; therefore, this issue is waived pursuant to Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)).

### 2. *Activity Analysis*

We next consider whether Sprinkmann's activities fall within the activities enumerated in section 13—214(b). Plaintiffs seek to hold Sprinkmann responsible for the sale and distribution of asbestos-containing products, not for the installation of such products. On the other hand, Sprinkmann claims its sales of asbestos-containing material were in conjunction with its installation of the product under a labor-material contract. In ruling any sale by Sprinkmann to ADM

was incidental to installation, and thus protected by section 13—214(b), the trial court found the First District cases of *Risch v. Paul J. Krez Co.*, 287 Ill. App. 3d 194, 678 N.E.2d 44 (1997), and *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247, 614 N.E.2d 203 (1993), controlling.

■ The Supreme Court of Illinois has held section 13—214(b) "does not exclude persons based upon their status" but, rather, "protects, on its face, anyone who engages in the enumerated activities." (Emphasis omitted.) *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261, 500 N.E.2d 34, 37 (1986). Therefore, the activities of Sprinkmann must be analyzed.

■ In analyzing whether Sprinkmann's activities are protected by section 13—214(b), the First District in *Adcock* adopted the "activity-analysis test" utilized by the federal courts. *Adcock*, 274 Ill. App. 3d at 523, 654 N.E.2d at 634. Under this test, a manufacturer is afforded protection when it substantially participates in significant activities in installing or incorporating the product at the jobsite or custom designs the product for a specific jobsite. *Adcock*, 274 Ill. App. 3d at 523, 654 N.E.2d at 634. While the defendant in *Adcock* was a manufacturer, this test has also been applied to a defendant who engages in sales and distribution. See *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300, 304, 669 N.E.2d 947, 950 (1996).

Several cases have held the installation of a product is an activity within the scope of section 13—214(b). See *Krueger*, 283 Ill. App. 3d at 304, 669 N.E.2d at 950; *Risch*, 287 Ill. App. 3d at 197, 678 N.E.2d at 46. However, case law differs on the application of section 13—214(b) to installers who also sell and/or distribute products.

The First and Third Districts apply section 13—214(b) differently to companies engaging in sales, distribution, and installation activities. The First District's approach finds claims arising from sales incident to installation fall within section 13—214(b). See *McIntosh*, 244 Ill. App. 3d at 250-51, 614 N.E.2d at 205; *Risch*, 287 Ill. App. 3d at 198, 678 N.E.2d at 46-47. Conversely, the Third District's approach finds claims arising from a sale do not fall under section 13—214(b) even if they are incident to installation. See *Krueger*, 283 Ill. App. 3d at 304, 669 N.E.2d at 950; *MBA Enterprises, Inc. v. Northern Illinois Gas Co.*, 307 Ill. App. 3d 285, 289, 717 N.E.2d 849, 852 (1999).

In *McIntosh*, 244 Ill. App. 3d at 250-51, 614 N.E.2d at 205, the plaintiff by complaint alleged the defendants sold, distributed, and installed asbestos-containing products at the jobsite, but the plaintiff did not plead any facts showing the defendants sold or distributed the products. In affirming the trial court's order granting summary judgment in favor of the defendants based on section 13—214(b) of the

Code, the First District stated plaintiff failed to plead facts demonstrating defendants acted as anything other than installers of the asbestos-containing materials. *McIntosh*, 244 Ill. App. 3d at 251, 614 N.E.2d at 205.

The next case is *Risch*, 287 Ill. App. 3d at 198, 678 N.E.2d at 46, in which the First District applied its earlier decision in *McIntosh*. Because *McIntosh* required the plaintiffs to plead facts demonstrating defendants' selling activities were more than incidental to installation, the court looked for evidence of defendants' engagement in district sales activities. *Risch*, 287 Ill. App. 3d at 198, 678 N.E.2d at 46-47. The court found the evidence demonstrated the defendant was an insulation installer who worked on a labor-material basis only and, therefore, the defendant's activities came within section 13—214(b). *Risch*, 287 Ill. App. 3d at 198, 678 N.E.2d at 47. Evidence of the defendant paying taxes, which are typically paid by persons reselling goods, was insufficient to demonstrate distinct sales activities. *Risch*, 287 Ill. App. 3d at 198, 678 N.E.2d at 47.

In the *Krueger* opinion, the Third District declared "section 13—214(b) does not apply to those claims that arise out of the sale of *** asbestos products." *Krueger*, 283 Ill. App. 3d at 302, 669 N.E.2d at 949. Later in the opinion, the court announced section 13—214(b) "only applies to claims arising out of the construction-related activities undertaken by the manufacturer or seller" and then summarily stated "section 13—214(b) does not apply to [the plaintiff's] claims that arise out of Sprinkmann's sale of the asbestos products." *Krueger*, 283 Ill. App. 3d at 304, 669 N.E.2d at 950. In making the aforementioned declaration, the Third District did not distinguish between sales incident to installation and direct sales. Justice Slater, in his special concurrence, stated section 13—214(b) "does not apply to the sale or distribution of asbestos products, however, even where those products are installed by the seller or distributor as an improvement to real property." *Krueger*, 283 Ill. App. 3d at 307, 669 N.E.2d at 952 (Slater, J., specially concurring).

The Third District reiterated its interpretation of section 13—214(b) in a nonasbestos case, *MBA*, 307 Ill. App. 3d at 289, 717 N.E.2d at 852 (dealing with gas pipes). In the *MBA* case, the Third District stated, "acts unrelated to the initial construction of the improvement, such as the sale and distribution of improvements to real property, are not protected by [section 13—214(b)]." *MBA*, 307 Ill. App. 3d at 287, 717 N.E.2d at 851. Furthermore, the court, explaining its decision in *Krueger*, stated section 13—214(b) applies to the activity of installing asbestos but not to related sales and distribution of asbestos. *MBA*, 307 Ill. App. 3d at 288, 717 N.E.2d at 852.

Under the Third District's approach, a sale is a sale and always falls outside section 13—214(b). This rule is easier to apply than the First District's rule, in which a sale may not be a sale if it is incident to installation. The First District's approach requires a stringent analysis of the facts to determine if a sale exists independent of the sales associated with a labor contract.

■ We agree with the Third District: section 13—214(b) applies to the activity of installing asbestos-containing materials but not to the related sales and distribution of the asbestos-containing materials. However, we emphasize this rule applies only to claims dealing with asbestos. Sprinkmann admits it sold asbestos-containing products to ADM on a labor-material basis. Therefore, plaintiffs' claims are not barred by section 13—214(b) of the Code, and the trial court's grant of summary judgment in favor of Sprinkmann was improper.

We also find evidence indicating Sprinkmann made direct sales of asbestos-containing materials to ADM. In making this determination, we did not consider the affidavit of Russell Wolstenholme and the evidence deposition of Ellis Carlton because the documents were not part of the record at the time the trial court ruled on the motion for summary judgment; we considered all other evidence in the record at the time the trial court ruled.

The evidence of direct sales included the trial testimony of Ellis Carlton in Spain v. Owens-Corning Corp., No. 88—L—97 (Cir. Ct. Macon Co.). Ellis Carlton, an employee of Sprinkmann who handled Sprinkmann's sales from 1963 to 1994, explained the dichotomy between sales relating to a labor-material contract and those sales made directly to customers for their own use. He further described how customers would order materials from Sprinkmann for their use and how those materials ordered would get to the customer.

Furthermore, according to Ellis Carlton, Sprinkmann had maintained records of direct sales to customers starting with those sales made in 1955. After Sprinkmann was involved in an asbestos case in the early 1980s, Ellis Carlton was ordered to shred all records older than 1972. Ironically, Sprinkmann ceased using and selling asbestos-containing materials starting in 1971. This court does not look favorably upon the deliberate destruction of pertinent records. This court has declared " '[a]ll reasonable presumptions will be indulged against a party who deliberately destroys evidence.' " *Kearney v. Brakegate, Ltd.*, 263 Ill. App. 3d 355, 363, 636 N.E.2d 117, 122-23 (1994), quoting *Haynes v. Coca Cola Bottling Co.*, 39 Ill. App. 3d 39, 46, 350 N.E.2d 20, 26 (1976).

The record also contained Owens-Corning invoices listing Sprinkmann as the company receiving the materials. Some of the invoices

indicate a sale of materials by Owens-Corning to Sprinkmann, with ADM listed under Sprinkmann's address and above the payment terms. In viewing the invoices in the light most favorable to plaintiffs, the invoices are also evidence of direct sales.

## B. Proximate Cause

■ For the first time on appeal, Sprinkmann alleges no evidence shows products it sold and distributed were the proximate cause of decedent's injury. Plaintiffs argue they did not have an opportunity to refute this argument in the trial court. Since Sprinkmann did not raise this issue in the trial court, we decline to entertain this issue on appeal.

## III. CONCLUSION

Because of our resolution of the issues, we need not address the propriety of plaintiffs' reply brief. Accordingly, we reverse the judgment of the circuit court of Macon County granting summary judgment in favor of Sprinkmann and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GARMAN and COOK, JJ., concur.