FLORENCE KING, Indiv. and as Special Adm'r of the Estate of Robert King, Deceased, Plaintiff-Appellant, v. PAUL J. KREZ COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—00—1584

Opinion filed June 22, 2001.

Robert G. McCoy, of Cascino Vaughan Law Offices, of Chicago, for appellant.

James P. DeNardo, Gregory L. Cochran, Kristin D. Tauras, and Margaret M. Foster, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellee Paul J. Krez Company.

Randall Smith, of Schoen & Smith, Ltd., of Chicago, for appellee Brand Insulations, Inc.

JUSTICE GREIMAN delivered the opinion of the court:

From approximately 1946 until 1982, the decedent, Robert King, worked for various pipefitting contractors at large construction jobsites in the Chicago area. As a pipefitter, the decedent installed pipe that connected to vessels and heat exchangers. Defendants, Paul J.

Krez Company (Krez) and Brand Insulations, Inc. (Brand), were insulation contractors at some of decedent's jobsites. As insulation contractors, Krez and Brand insulated the pipes that were installed by the pipefitters. Plaintiff, the decedent's widow, asserts that the decedent came into contact with asbestos-containing insulation products at a total of five different jobsites; however, plaintiff's appeal addresses only three of these jobsites: Equitable Building in Chicago, Illinois; Union Oil Refinery in Lemont, Illinois; and the Dresden Powerhouse. According to plaintiff, Krez and Brand worked as insulation contractors at these three jobsites between the years 1964 and 1970. In June of 1995, the decedent was diagnosed with mesothelioma, an asbestos-related disease, and died a few months later. Plaintiff contends that her husband's death is attributable to his exposure to the asbestos-containing products installed by Krez and Brand at the aforementioned jobsites.

Defendants Krez and Brand filed motions for summary judgment in the circuit court of Cook County, Illinois. The trial court summarily granted the Krez and Brand motions for summary judgment. Plaintiff appeals from the trial court's ruling on these motions. We affirm the trial court's entry of summary judgment in favor of the defendants and against the plaintiff.

●1 In granting the motions for summary judgment in favor of Krez and Brand and against plaintiff, the trial court determined that the plaintiff's case is barred by section 13—214(b) of the Code of Civil Procedure, the construction statute of repose. 735 ILCS 5/13—214(b) (West 1998). Although the trial court also found that plaintiff failed to show that the decedent was exposed to any product attributable to either Krez or Brand, we need not consider that issue. Further, the trial court never ruled upon the issue of whether section 13—214(b) is constitutional under the Illinois and United States Constitutions. An alleged error is not preserved for review if the trial court fails to rule upon it. *McCullough v. Gallaher & Speck*, 254 Ill. App. 3d 941 (1993). As a result, this court need not consider whether the construction statute of repose is constitutional under the Illinois and United States Constitutions. Thus, the only issues addressed on appeal are whether plaintiff's case is barred by the construction statute of repose and whether the discovery rule is applicable to the construction statute of repose.

●2 Section 13—214 provides in pertinent part:

"§ 13—214. Construction—Design management and supervision. As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any

person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission. ***

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section." 735 ILCS 5/13—214 (West 1998).

The construction statute of repose plainly sets forth several enumerated activities, those being the design, planning, supervision, observation or management of construction, or construction of an improvement to real property. Under the construction statute of repose, any action based on an act or omission in design, planning or management of construction, or during construction is governed by a 10-year repose period. Further, the trial court is to determine whether the defendant performed one of the activities enumerated in the statute and only a defendant who performs one of the enumerated activities is protected by the terms of the statute. Defendants argue that they engaged in the activity of installing insulation and that this activity is an enumerated act under the construction statute of repose. According to the allegations in plaintiff's third amended complaint, it was between the years 1964 and 1970 that defendants allegedly installed asbestos-containing products at the three jobsites at issue in this appeal. Since plaintiff did not discover defendants' alleged act of installing asbestos-containing products within 10 years of installation, defendants contend that plaintiff's case is barred by the construction statute of repose.

Plaintiff claims that Krez and Brand did not engage in any of the activities enumerated in the construction statute of repose. Rather, plaintiff argues that defendants purchased standard asbestos products made by manufacturers, marked up their cost of materials and resold them for a profit and made claims for tax exemption based upon the resale of these materials. According to plaintiff's interpretation of the statute of repose, these sales activities fall outside the enumerated activities protected by section 13—214(b). In essence, plaintiff is arguing that the defendants should be held liable for the sale of an asbestos-containing product incident to its insulation. Additionally,

plaintiff argues that the construction statute of repose is an affirmative defense under which defendants have failed to come forward with evidence to explain how their product supply activities fall within the activities protected by the statute.

In support of her argument, plaintiff offers numerous invoices to show the sale of asbestos-containing products by Krez for the Equitable Building and Union Oil Refinery jobsites. Further, plaintiff cites to the deposition testimony and affidavits of numerous individuals to show that both Krez and Brand were selected as contractors for the Union Oil Refinery through a bidding process and that in estimating the price of the materials included in their bids, Krez and Brand marked up the cost of these products so that they would make a profit. Plaintiff also claims that Brand marked up the cost of the products that it used to complete the insulation process at the Dresden Powerhouse.

●3 The narrow issue before this court is whether the trial court properly determined that the installation of insulation is an enumerated activity under the construction statute of repose. Since the issue before us is predicated upon the trial court's ruling on two motions for summary judgment, we conduct a *de novo* review. *Delaney v. McDonald's Corp.*, 158 Ill. 2d 465 (1994). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *National Bank v. Westinghouse Electric Corp.*, 235 Ill. App. 3d 697 (1992). "A reviewing court may sustain the decision of the trial court on any grounds called for by the record, regardless of whether the trial court made its decision on a proper ground." *National Bank*, 235 Ill. App. 3d at 703-04, citing *Muck v. Van Bibber*, 223 Ill. App. 3d 830, 835 (1992).

Defendants correctly argue that this court has already decided that installing insulation is a protected activity under the construction statute of repose. This court's decision in *Risch v. Paul J. Krez Co.*, 287 Ill. App. 3d 194 (1997), is directly on point with the case at bar. In *Risch*, the plaintiffs brought suit against Paul J. Krez Company to recover damages for the wrongful death of their husbands. *Risch*, 287 Ill. App. 3d at 195. The trial court granted the defendant's motion for summary judgment, holding that the construction statute of repose barred the plaintiffs' action, and this court affirmed the trial court's ruling. *Risch*, 287 Ill. App. 3d at 195.

Just as in the case at bar, the plaintiffs in *Risch* alleged that the defendant "designed, processed, manufactured, sold, and distributed asbestos insulation." *Risch*, 287 Ill. App. 3d at 196. In response, the defendant denied that it was in the business of selling asbestos-containing products. *Risch*, 287 Ill. App. 3d at 196. "To the contrary,

Krez claimed that, as an installer, Krez merely brought its materials to various worksites under the terms of the labor and material subcontracts." *Risch*, 287 Ill. App. 3d at 196. The plaintiffs responded to the defendant's motion for summary judgment by asserting that the defendant's installation activities were merely incidental to the defendant's sale and transfer of the asbestos products. *Risch*, 287 Ill. App. 3d at 196. "In support of their allegations, plaintiffs argued that Krez's failure to pay sales tax is evidence of its status as a seller, as no sales tax is incurred when wholesale goods are transferred to a purchaser with the intent to resell." *Risch*, 287 Ill. App. 3d at 196.

In granting the defendant's motion for summary judgment, the trial court in *Risch* based its decision on this court's previous holdings in *Illinois Masonic Medical Center v. AC&S*, 266 Ill. App. 3d 631 (1994), and *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247 (1993). The reviewing court then held that the trial court was correct to find that the evidence demonstrated that the defendant was "in the business of installing insulation and that any sale of such products was merely incidental to its installation activities." *Risch*, 287 Ill. App. 3d at 196.

●4 Pursuant to the Illinois Supreme Court's ruling in *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261 (1986), the construction statute of repose "protects, on its face, anyone who engages in the enumerated activities" (emphasis omitted), noting that labels are not wholly indicative of one's activity. Under the construction statute of repose, the reviewing court in *Risch* held that "[c]ourts must determine whether the product constitutes an improvement to real property and whether the defendant performed activities enumerated in the statute." *Risch*, 287 Ill. App. 3d at 197, citing *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519 (1995). In *Illinois Masonic Medical Center v. AC&S*, 266 Ill. App. 3d 631, 638 (1994), a manufacturer is protected under the construction statute of repose only if it can "demonstrate its role in the construction extended beyond furnishing standard products generally available to the public." Similarly, the *Risch* court stated:

> "Under the activity analysis, manufacturers are afforded protection when they substantially participate in the incorporation or installation of the product at the jobsite or custom design the product for the specific jobsite." *Risch*, 287 Ill. App. 3d at 197, citing *People v. Asbestospray Corp.*, 247 Ill. App. 3d 258 (1993).

In *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247 (1993), this court barred plaintiff's action where the plaintiff alleged that the defendant sold, distributed and installed asbestos products on the jobsite, but failed to plead facts which demonstrated that defendant's

selling activities were anything more than incidental to the installation. The plaintiff's allegations of selling and distributing were conclusory, and, therefore, the defendant's motion to dismiss was granted. *McIntosh*, 244 Ill. App. 3d at 250. In response to the defendant's motion for summary judgment, the plaintiffs in *Risch* argued that, unlike the plaintiff in *McIntosh*, they presented evidence allowing them to bring a cause of action against the defendant for its alleged sales activities. Here, the plaintiff makes the same argument as the plaintiffs in *Risch*, that argument being that she presented sufficient evidence of sales activity. Thus, as previously stated, the *Risch* case is directly on point.

The *Risch* court found that, "in certain instances, the construction statute of repose does not bar a plaintiff's suit against a defendant for that discrete portion of the defendant's activities not enumerated in the statute." *Risch*, 287 Ill. App. 3d at 198, citing *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300 (1996) (Applying the same reasoning as the *Risch* court, the appellate court found that installing insulation is a protected activity under the construction statute of repose). More specifically, the court held that the evidence introduced by the plaintiffs simply served to show that the defendant paid certain taxes typically paid by persons reselling goods. *Risch*, 287 Ill. App. 3d at 198. The *Risch* court found that this evidence did not show that the defendant was engaged in a distinct sales activity, but rather it showed that the defendant was an insulation installer who worked on a material and labor basis. *Risch*, 287 Ill. App. 3d at 198.

●5 In the case at bar, the plaintiff does not cite to any evidence showing that either defendant made independent sales of any of the alleged asbestos-containing materials or placed these materials into the stream of commerce. Rather, plaintiff is attempting to hold defendants liable for the sale of insulation incident to its installation. As illustrated, this exact argument was made in *Risch* and rejected by this court. Therefore, just as the *Risch* court found that the defendant in that case engaged only in the activity of installing insulation, we too find that the defendants in the case at bar engaged only in the activity of installing insulation.

Plaintiff attempts to argue the merits of *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300 (1996), and, in doing so, misconstrues the merits of the case. In *Krueger*, the appellate court held that the trial court was wrong to find that the defendant was protected by the construction statute of repose. *Krueger*, 283 Ill. App. 3d at 302. The *Krueger* court cited *People v. Abestospray Corp.*, 247 Ill. App. 3d 258 (1993), when it stated that "[t]o be included within the statute, a manufacturer must perform some role related to the

construction site beyond provision of standard products generally available to the public and not custom designed for the project." *Krueger*, 283 Ill. App. 3d at 303. The plaintiff in *Krueger* alleged that her claims arose out of the defendant's sales and distribution activities as well as its installation of the asbestos-containing products. *Krueger*, 283 Ill. App. 3d at 303. More specifically, the plaintiff alleged that the defendant sold asbestos rope to another company at the jobsite and that this rope was never used at the jobsite. *Krueger*, 283 Ill. App. 3d at 302. In reviewing her claim, the appellate court did indeed find that some of the plaintiff's claims arose out of the defendant's sale of asbestos-containing products, and, therefore, the court reversed the trial court's grant of summary judgment in favor of the defendant. *Krueger*, 283 Ill. App. 3d at 304.

In *Risch*, this court specifically acknowledged *Krueger* when it cited to *Krueger* and stated:

> "We acknowledge that, in certain circumstances, the construction statute of repose does not bar a plaintiff's suit against a defendant for that discrete portion of the defendant's activities not enumerated in the statute. See, *e.g.*, *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300 ***." *Risch*, 287 Ill. App. 3d at 198.

Plaintiff ignores the fact that the *Risch* court deliberately reconciles its holding with the holding in *Krueger*. In fact, the *Risch* court agrees with the holding in *Krueger*. These cases are not at odds with one another. As much as plaintiff would like this court to reverse the trial court, as was done in *Krueger*, that result cannot be reached in the case at bar because the facts at bar are so different from those in *Krueger*. In the case at bar, there is no evidence that the defendants engaged in the distinct activity of selling asbestos-containing products. Rather, the trial court record is replete with evidence that both Brand and Krez were contractors that installed all of the materials they bought from various manufacturers at the specific jobsites at issue. Thus, we find that *Krueger* is not applicable.

We also find that the Fourth District's opinion in *Boldini v. Owens Corning*, 318 Ill. App. 3d 1167 (2001), is not applicable to the case at bar. As in the case at bar, in *Boldini*, 318 Ill. App. 3d at 1168-69, the plaintiffs sought to hold the defendant responsible for the sale and distribution of asbestos-containing products. The defendant in *Boldini* argued its sale of asbestos-containing material was in conjunction with its installation of the product under a labor-material contract. In finding that any sale by defendant to the decedent's place of employment was incidental to installation, the trial court in *Boldini* relied on the aforementioned rule of law employed by the First District. See *Risch v. Paul J. Krez Co.*, 287 Ill. App. 3d 194 (1997); *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247 (1993).

The appellate court in *Boldini* correctly notes that the First District has held that claims which arise from a sale that is incidental to installation fall within the ambit of section 13—214(b). *Boldini*, 318 Ill. App. 3d at 1171. The *Boldini* court then goes on to state that "[c]onversely, the Third District's approach finds claims arising from a sale do not fall under section 13—214(b) even if they are incident to installation." *Boldini*, 318 Ill. App. 3d at 1171. In making this generalization about the Third District, the *Boldini* court cites to the Third District's holding in *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300, 304 (1996). According to the *Boldini* court, the Third District's approach is as follows: "[A] sale is a sale and always falls outside section 13—214(b)." *Boldini*, 318 Ill. App. 3d at 1173.

We believe that the *Boldini* court wrongly interpreted the Third District's holding in *Krueger*. Unlike in the case at bar, in *Krueger* the plaintiff alleged facts showing that Sprinkmann, the defendant, both (1) supplied and installed insulation products at all of the jobsites; and (2) supplied insulation products (asbestos-containing rope) that were not installed or used at any of the complained-of jobsites. In *Krueger*, the Third District plainly states that "section 13—214(b) clearly applies to a party who installs an improvement, sales and distribution are not among the activities protected by the statute." *Krueger*, 283 Ill. App. 3d at 304. The *Krueger* court concluded that "section 13—214(b) does not apply to Katherine's claims that arise out of Sprinkmann's sale of the asbestos products." *Krueger*, 283 Ill. App. 3d at 304. A proper interpretation of the facts in *Krueger* required the *Krueger* court to find that only those claims of the plaintiff that arose from the sale of the asbestos-containing rope were not barred by section 13—214(b) and that those portions of the plaintiff's complaint that stemmed from sales incident to installation were indeed barred by section 13—214(b). In fact, in *Krueger* the court even went so far as to specifically note that section 13—214(b) protects manufacturers that perform some role related to the construction site beyond simply supplying the products. *Krueger*, 283 Ill. App. 3d at 304. Further, the *Krueger* court held that sellers and distributors should not be treated any differently. *Krueger*, 283 Ill. App. 3d at 304.

In *Boldini*, the Fourth District, in its discussion of *Krueger*, ignores the fact that the plaintiff specifically pled that the defendant engaged in a distinct sales activity. A careful reading of *Krueger* shows that the Third District, like the First District, recognizes that section 13—214(b) applies where a sale is merely incidental to substantial participation at the jobsite. Thus, the only conflict that exists between the First and Third Districts is the one that has been created by the Fourth District in *Boldini*.

•6 Next, plaintiff argues that the two-year discovery rule should be applied to the case at bar. In making this argument, plaintiff ignores well-established precedent in Illinois. Pursuant to the discovery rule, a cause of action does not accrue until a plaintiff knows or reasonably should know of the wrongfully caused injury. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407 (1981). This court has held that a statute of repose serves "to curtail the 'long tail' of liability that results from the discovery rule, under which a cause of action does not accrue until the plaintiff knows or reasonably should know of his wrongfully caused injury." *Meyers v. Underwood*, 316 Ill. App. 3d 970, 985-86 (2000), citing *Anderson v. Wagner*, 79 Ill. 2d 295, 305 (1979). Where the discovery rule is incorporated into a statute of limitations, such as section 13—214(b), the limitations period is not triggered until the plaintiff discovers the injury. *Meyers*, 316 Ill. App. 3d at 986, citing *Garcia v. Pinto*, 258 Ill. App. 3d 22, 24 (1993). "Without a statute of repose, such a statute of limitations would be essentially open-ended, or 'a limitations period without a limit.' " *Meyers*, 316 Ill. App. 3d at 986, quoting *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 691 (1995). Moreover, the *Meyers* court stated:

> " 'The period of repose gives effect to a policy different from that advanced by a period of limitations; the purpose of a statute of repose is to impose a cap on the applicability of the discovery rule so that the outer limit terminates the possibility of liability after a definite period of time, *regardless of a potential plaintiff's lack of knowledge of his cause of action.* [Citations.] *** The fact that a repose provision may, in a particular instance, bar an action before it is discovered is an accidental rather than necessary consequence.' " (Emphasis in original.) *Meyers*, 316 Ill. App. 3d at 986, quoting *Serafin v. Seith*, 284 Ill. App. 3d 577, 588 (1996), citing *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 424 (1986).

This court has held:

> "The common law discovery rule, however, will not be applied where there is a contrary indication of legislative intent [citation], such as a statute of repose, which places an absolute outer time limit on when an action can be brought." (Emphasis omitted.) *Eickmeyer v. Blietz Organization, Inc.*, 284 Ill. App. 3d 134, 140 (1996), quoting *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 77-78 (1995).

•7 The Illinois Supreme Court has held that although a statute of repose may effectively serve to bar a plaintiff's claim before it accrues, such a statute is not fundamentally unjust. Even though such an outcome may seem "harsh and unfair," the result does not constitute a due process violation. *Anderson v. Wagner*, 79 Ill. 2d 295, 312 (1979). Despite the fact that the Illinois Supreme Court has held that the

construction statute of repose is not in violation of due process, plaintiff agues that not applying the discovery rule to a repose statute is particularly harsh and unfair where the plaintiff's claim stems from a "latent" disease. Since asbestosis is a disease of long latency, plaintiff argues that a claim predicated on asbestosis will almost always be barred by the statute of repose. In an effort to avoid this result, plaintiff asks this court to carve out an exception to the applicability of the construction statute of repose.

•8 In *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247 (1993), this court addressed the issue of whether the construction statute of repose applies to claims based on asbestosis. The *McIntosh* court stated that "[t]he cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature." *McIntosh*, 244 Ill. App. 3d at 251. Additionally, "[w]here that language is unambiguous, a court must enforce the law as enacted without considering other aids." *McIntosh*, 244 Ill. App. 3d at 251, citing *County of Du Page v. Graham, Anderson, Probst & White, Inc.*, 109 Ill. 2d 143, 151 (1985).

•9 The reviewing court in *McIntosh* specifically held that the language contained in the construction statute of repose "unambiguously states that the 10-year repose period applies to all actions based on tort. *** Where the language of the statute is clear and unambiguous, as it is here, the courts have no authority to carve out exceptions." *McIntosh*, 244 Ill. App. 3d 247 at 252. Additionally, the *McIntosh* court stated that the arguments made by the plaintiff would be more appropriately raised to the legislature. *McIntosh*, 244 Ill. App. 3d at 251.

•10 Lastly, plaintiff cites to several cases in support of its argument that this court should ignore the construction statute of repose and instead apply the common law discovery rule. None of the cases cited to by plaintiff are on point with the case at bar. For instance, plaintiff argues the merits of *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161 (1981); however, no statute of repose is at issue in that case. Plaintiff also cites to *Costello v. Unarco Industries, Inc.*, 111 Ill. 2d 476, 481 (1986), and, in doing so, ignores the fact that the issue in that case is whether the strict liability statute of repose is retroactive. Since applying the discovery rule to the case at bar would require this court to go against well-established Illinois precedent and instead follow the flawed reasoning set forth in *Boldini*, we find that the discovery rule is not applicable and that plaintiff must adhere to the statute of limitations set forth in the construction statute of repose.

For the foregoing reasons, we affirm the trial court's granting of summary judgment in favor of the defendants and against the plaintiff.

Affirmed.

QUINN, P.J., and THEIS, J., concur.